Parker, C. J.,
delivered the opinion of the Court. We think that the defendants could have justified the acts complained of by showing a regular warrant from a magistrate having jurisdiction over the subject; without showing that it was founded upon a complaint under oath. It will not do to require of executive officers, before they shall be held to obey precepts directed to them, that they shall have evidence of the regularity of the proceedings of the tribunal which commands the duty. Such a principle would put a stop to the execution of legal process ; as officers so situated would be necessarily obliged to judge for themselves, and would often judge wrong, as to the lawfulness of the authority under which they are required to act. It is a general and known principle, that executive officers, obliged by law to serve legal writs and processes, are protected in the rightful discharge of their duty ; if those precepts are sufficient in point of form, and issue from a court or magistrate having jurisdiction of the subject-matter. If such a magistrate shall proceed unlawfully in issuing the process, he, and not the executive officer, will be liable for the injury consequent upon such act.
But it is necessary that the precept under which the officer *235 acts in arresting the body or seizing the goods, and * especially in entering a dwellinghouse by force, should be lawful on the face of it. Thus, if a precept should command him to break and enter a dwellinghouse, without stating any sufficient cause, he could not justify such act under such a precept, because every one is presumed to know that the dwellinghouse of another cannot be lawfully forced, unless for purposes especially provided for by law.
The warrant under which the defence in this case is set up came from lawful authority, and contains an allegation that it was founded on a complaint under oath. But it is deficient in the description of the persons whose houses were to be entered, and of the goods which were the object of search, as prescribed by the amendment to the Constitution cited in the argument. The description is, in both points, defective ; being general and wholly uncertain, instead of being particular. The house actually searched was the house of Thomas Sandford, not of Thomas Sandford and Company; and “goods, wares, and merchandise,” without any specification of their character, quality, number, or weight, or any other circumstance tending to distinguish them, cannot be such a particular description as the Constitution requires.
It is true, that, in the case of smuggled goods, it may be difficult to describe them with minuteness ; nor could this be required. But it would not be difficult to mention the kind of goods to be searched for, or at least to describe them as having been taken out of some certain vessel, so that the officer who should undertake such a search might not conceive himself at liberty to rifle the house, and disturb the arrangements of the family occupying it.
This warrant, therefore, ought not to have been admitted in evidence ; and the plaintiff is, on this account, entitled to a new trial. But, as it does not appear that any articles were actually taken but those which were liable to forfeiture, nor that any violence or injury was done but what was necessary to obtain possession of the goods, * it is probable that very small damages will be recovered upon another trial; the parties will, therefore, judge, whether it is worth their while to proceed further.
Afterwards, the plaintiff agreeing to relinquish his costs, the verdict was suffered to stand ; the objection to the warrant, which prevailed, not having been made at the trial.