## BATCHELDER *vs.* WHITCHER.

Issuing a warrant by a commanding officer, to collect fines for delinquencies of a member of his company, is not a judicial act, but is merely ministerial in its character.

Where an instrument, purporting to be a warrant, but without seal, was issued by the commanding officer of a company, and the plaintiff's goods were seized on the same, the officer was holden liable in trespass.

THIS was trespass, for taking and carrying away one ton of hay, the property of the plaintiff, on the sixth day of November, 1835, and was tried on the general issue, and a verdict rendered for the plaintiff.

The defence in the suit was that the plaintiff, being captain of the 7th company in the 13th regiment of militia, in this state, and the plaintiff residing in the town of Coventry, within the limits of the defendant's company, and being enrolled and duly notified to attend a company training on the parade, near Moses Mead's, in Coventry, on the 10th day of September, 1835, failed to attend at said time and place,

whereby he incurred a fine of two dollars; and that, after fifteen days from said 10th day of September, and before the expiration of sixty days, to wit., on the 6th day of November, 1835, the defendant, as captain of said company, issued his warrant in due form of law against said Batchelder, directed to William N. Hand, clerk of said company, requiring him, by distress and sale of the goods and chattels of the plaintiff, to levy and collect said sum of two dollars, with forty cents more for said precept, and thereof also to satisfy himself for his own fees; by virtue of which warrant said Hand, on said 6th day of November, took said hay, and after advertising the same, as required by law, sold it at public auction.

Evidence was offered to sustain this defence, to which various exceptions were taken. Among other things it was contended, on the part of the plaintiff, that said warrant of distress, at the time of the seizure of said hay, was not under seal, as the statute requires, and evidence was offered tending to show this fact; and this question was submitted to the jury.

On this point the defendant requested the court to charge the jury that he had a right to issue a warrant of distress at any time after fifteen days of the plaintiff's default, and before the expiration of sixty days from said default; and if the warrant was originally without a seal, but a seal was affixed at any time before service, it would be sufficient.

Also, that if the defendant had general jurisdiction of the subject matter, and had authority to issue the warrant, trespass would not lie.

The court declined charging the jury, except to the effect that if the warrant of distress was not under seal at the time the hay was seized, the defendant was a trespasser, and they must find a verdict accordingly.

*Goodall & Woods*, for the plaintiff, contended that the issuing of the warrant by the commander of the company in

this case was not a judicial act. There was no judicial discretion to be exercised by him on the subject. He was bound by the statute to issue his warrant in all cases of the delinquency of his soldiers, unless a sufficient excuse was seasonably rendered.

The act of issuing his warrant is merely ministerial, and the commander is therefore liable in all cases, except it be done in strict compliance with the requirements of law. To this point, *Briggs* vs. *Wardwell*, 10 *Mass.* 356, and *ex parte Randolph*, 2 *Brock.* 447, were cited.

*Bell*, for the defendant, contended that an adjudication as to fines or delinquencies, and the issuing a warrant in pursuance of it, was judicial in its character, and that the commander of a company ought not to be holden in trespass for mere errors in law in such cases, or for defective process issued through mistake.

In this case the warrant is void, being without seal, as found by the jury, and " is no better warrant for an arrest or seizure than a piece of blank paper." 1 *N. H. R.* 139, *Hutchins* vs. *Edson.*

For a mere void act a party cannot be liable as a trespasser. Such a paper could compel no service by the officer, and none should have been made by him.

UPHAM, J. In the trial of this case the only question submitted to the jury was, whether the warrant of distress directed to the clerk, on which the plaintiff's property was seized, was under seal or not.

The jury have found by their verdict that it was not under seal ; and the question arises, whether the defendant is liable in trespass for acts done under such a warrant issued by him ?

It has been contended that issuing a warrant, by a militia officer, under the provisions of the statute of July 6th, 1833, in amendment of an act imposing fines for neglect of military

duty, is a judicial act, and that the officer is not liable for mistake as to the law, or the issue of erroneous process, in cases within his jurisdiction.

If the issuing of the warrant was a judicial act, it is clear that trespass cannot be maintained ; but we think the act was purely ministerial. The officer is bound to go purely by his record. If delinquencies of individuals in his company have been duly entered up, and no sufficient excuse has been rendered within fifteen days, a warrant issues of course. The officer is called to the exercise of no judicial discretion or responsibility upon the subject.

The issuing of an execution by a magistrate, after judgment has been rendered by him, is holden to be merely a ministerial duty ; and if issued prematurely, or if an alias be issued when the first execution has been returned satisfied, the magistrate is holden liable in trespass for any seizure under such executions. 10 *Mass.* 356, *Briggs* vs. *Wardwell ;* 13 *Mass.* 286, *Sandford* vs. *Nichols ;* 6 *Wend.* 397, *Lewis* vs. *Palmer & als.*

The issuing of a warrant against military and naval officers, charged with the disbursement of the public monies, who shall fail to pay and settle their accounts at the treasury department within the prescribed time, is also holden to be merely a ministerial act. 2 *Brock.* 447, *ex parte Randolph.*

But it is contended, that whatever may have been the character of the act of the officer, in issuing his warrant, still, if he issues a void precept, he is not responsible for any proceedings under it.

We have had more difficulty upon this point than the other. The warrant without a seal is void as a warrant, but it is not necessarily mere blank paper. If the commanding officer issues a paper, purporting to be a warrant, but which is not under seal, directing the clerk of the company to seize the property, or arrest the body of a delinquent soldier, the clerk is under no obligation to obey it as a precept. It is a

command, however, and is as imperative at least as any verbal command, or request made to an individual to commit a trespass on the property of another. Neither command need be obeyed; but if the trespass be committed in either case, the person directing it and the agent should alike be holden liable.

We see no way in which the commanding officer in this case can avoid the application of this principle. He is the director of the act done, and on him should rest the responsibility rather than on his subordinate officer, who has far less means of judging as to defective forms of process, or as to the rules of law limiting the authority of the commanding officer.

*Judgment on the verdict.*