PARLEY JOHNSON, PLAINTIFF AND RESPONDENT, *v.* BENAJAH COMSTOCK, DEFENDANT AND APPELLANT.

*Search warrant — grounds on which it can issue — when void on its face — Good faith — evidence as to — Damages — what not excessive.*

The defendant having had certain wool stolen from him, and suspecting the plaintiff and another of being the thieves, applied to a magistrate for a search warrant, his affidavit stating that the wool had been stolen, " and that he has good reason to suspect the said wool was so feloniously stolen and carried away by Parley Johnson and Richard P. Johnson ": a warrant was issued directing a search of "the barn, houses or store of Parley Johnson and Richard

P. Johnson, of Oaksville." Under this warrant the plaintiff's house, wood shed, store and grist mill were searched, without finding the property. An action was brought by the plaintiff, to recover damages for an unauthorized search, against the defendant on the ground that he had directed and controlled the search, *Held,* that the warrant was void on its face as being too uncertain and indefinite.

That the affidavit of defendant was not sufficient to give the justice jurisdiction to issue a warrant.

*Held,* further, that, as bearing upon the question of defendant's good faith in causing the search to be made, it was competent to show that he entertained ill will and malice towards the plaintiff; that he had so expressed himself, and made threats against him during a series of years.

*Held,* further, that in such a case a verdict of $1,000 damages would not be set aside as excessive,

APPEAL by defendant from an order denying a motion for a new trial made on the minutes of the court; also a motion for a new trial on a case and exceptions, ordered to be heard in the first instance at General Term.

The action was trespass for an alleged illegal entry upon the plaintiff's premises, and an unauthorized search of his dwelling-house and other buildings for stolen property. It was made to appear on the trial that the defendant had a quantity of wool taken feloniously from his possession; whereupon he made complaint before a justice of the peace, and obtained a search warrant, which directed a search of " the barn, houses or store of Parley Johnson and Richard P. Johnson, of Oaksville," in the town of Otsego. The affidavit on which the warrant issued stated that the wool was taken from his (defendant's) possession, as he had a good reason to suspect, by Parley Johnson and Richard P. Johnson, but omitted to give any ground for such suspicion, and also omitted to set forth any fact or circumstance of suspicion, or even generally any suspicion, that the property was concealed in any particular house or place. The following is a copy of the affidavit:

Otsego County, ss. — Benajah Comstock, aforesaid county, being duly sworn, deposes and says that, on the 30th day of August, 1871, he was possessed of ten or twelve bundles of wool, tied in cloths for carding; said bundles worth about seventy-five dollars, and that the same was feloniously stolen and carried away from his carding shop in the town of Otsego, in said county, and that he has good reason to suspect the said wool was so feloni-

ously stolen and carried away by Parley Johnson and Richard P. Johnson. And deponent prays a search warrant may issue to search the premises, barns, houses and store of said Parley Johnson and Richard P. Johnson.

                                        BENAJAH COMSTOCK.

Subscribed and sworn to before me, ⎱
        August 31, 1871.            ⎰

                        WASH. WILSON,
                                *Justice of the Peace.*

The defendant delivered the warrant to the officer, who, with the aid of an assistant, entered upon the plaintiff's premises and searched his dwelling-house, where he resided with his family; also his wood-shed, store and grist-mill, without, however, finding any of the stolen property. Evidence was given tending to show that the defendant directed or controlled the search; also, it was proved that the parties had been unfriendly for many years preceding. The judge on the trial ruled (1) that, as matter of law, there was probable cause for the defendant to obtain the search warrant; (2) that the warrant was fair on its face, and was a protection to the officer who executed it; but that the proof on which it issued was insufficient to authorize the justice to issue it; hence it afforded no protection to any one, other than the officer who should take the direction of its execution; therefore (3), that, in case the defendant, after the warrant was issued, assumed to control its execution, then he would be liable as a trespasser; and, whether or not he did so assume to control or direct its execution, the judge left to the jury to determine as a question of fact. The jury found for the plaintiff, and awarded $1,000 as damages. Other rulings of the judge besides those above mentioned are considered in the opinion.

*J. E. Lynes,* for the plaintiff. The complaint of the defendant before the justice was not sufficient to give the justice jurisdiction to issue the search warrant. (1 Colby's Crim. Law, 93, 94; 1 Chitty's Crim. Law, 65, 66; 2 Hale, 113, 150; 2 Wilson, 283, 291; 1 Conn., 40; 11 State Trials, 321; 5 Iredell, 45; art. 4 Amendment Const. U. S.; Bill of Rights; 1 R. S. 376, § 11.) For

proper form of complaint, see 2 Colby's Cr. L., 229. (*Skinion* v. *Kelly*, 18 N. Y., 356; Laws 1866, ch. 95; 1 Colby's Cr. L., 93.) The warrant was void upon its face for the reason that it did not *particularly describe* the *place to be searched* or the *things to be seized* as required by the constitution of the United States, the bill of rights of the State of New York, or the statutes in relation to issuing search warrants, in each of which the word *place* is used, not *places*, and *house*, not *houses*. (*People* v. *Holcomb*, 3 Parker Cr. R., 656.

*E. Countryman*, for the defendant.

BOCKES, J.:

The learned judge on the trial ruled that the search warrant was apparently valid, being fair on its face, and therefore afforded protection to the officer executing it, but that it was void in law for the reason that it was issued by the magistrate without proof, or on insufficient proof; therefore that the defendant was liable for its execution by the officer in case he directed and controlled the action of the latter under it. He might have gone further and ruled, as we think he should have ruled, that the search warrant was void on its face, and therefore afforded protection to no one in its execution. Certainly it did not authorize a search of the wood shed and grist mill, for neither was mentioned therein; nor did it in terms authorize a search of the plaintiff's barn, houses and store, but only "the barn, houses or store of Parley Johnson and Richard P. Johnson"; nor had these places more than a very general and indefinite description, whereas the constitution and law require a particular description of the house or place to be searched, and besides the direction was in the alternative, barn, houses or store. Several of these points of objection to the warrant are considered in *Sandford* v. *Nichols* (13 Mass., 286), where the warrant was held informal and void. The constitution (U. S. Constitution, Art. IV.) requires that the warrant shall particularly describe the place to be searched; so too the statute (3 R. S., sixth ed., 1045,) provides that the place shall be particularly designated in the warrant. Persons may be arrested for crimes on informal proofs in some cases, or even without process. Such are the cases

cited us by the appellant's counsel. But the dwellings and premises of citizens are under the highest protection against search, and may not be invaded with impunity save on full compliance with all constitutional and statutory requirements. We are of the opinion that the search warrant in this case was void on its face. The ruling of the learned judge was therefore more favorable to the defendant than he had a right to claim. It is not intended here to hold that the process was not also issued without jurisdiction, as was ruled at the Circuit. We deem it unnecessary here to express our opinion on that point.

Being void on its face, the warrant afforded no protection to those executing it or directing its execution, This being so, the only question for the jury was whether the defendant took upon himself the direction of the execution of the illegal process; and if he did, then as bearing on the question of damages, his good faith in so doing. It is urged that the evidence offered of what occurred on the occasion of the application for the warrant was proper to show good faith. All the facts and circumstances that he there testified to probably were proper in that view. But the defendant could go no further than this. What he there said, not sworn to by him, was irrelevant and improper. It seems that the judge allowed in evidence all he there swore to in support of his application. The judge inquired of (the justice) the witness whether there was anything sworn to except what was contained in the affidavits. He replied there was not. The affidavit was received in evidence. But it seems also that afterwards, during the trial, the defendant was allowed to give in evidence all that occurred before the magistrate on the application for the warrant, in detail; also all the facts and circumstances on which he grounded his suspicions, both as to whom he suspected of the larceny and where the property was concealed; and the judge ultimately, on submitting the case to the jury, gave this evidence emphasis by holding and deciding as matter of law that there was probable cause for the defendant to obtain the warrant. Thus it seems that in point of fact, nothing was excluded of what occurred before the justice on the application for the warrant, and the evidence of what did occur was made as effectual as it could be by the decision of the court, that the defendant had probable cause to support

his application. The ruling complained of was, therefore, wholly innoxious, and the case was brought to the true question as submitted by the court, whether the defendant participated in or directed the execution of the illegal process; and, on the subject of good faith in his action, the case was before the jury in its most favorable aspect for the defendant. If the defendant directed the execution of the void process, he was liable in trespass for the illegal search so directed; and thus the subject of his good faith became a matter of consideration. On this branch of the case it does not appear that any evidence was improperly received or rejected. It was competent to show that the defendant entertained ill will and malice toward the plaintiff; that he had so expressed himself, and made threats, and this during a series of years; and that the parties had been litigants. The offers in general terms by the defendant to show that the plaintiff had been in the habit of annoying him, by calling him names in order to irritate him, and had threatened him, were too vague and indefinite to be of value; besides, it was irrelevant and improper in itself. On the whole, there seems to be no rulings in the case against the defendant to his injury, or of which he may properly complain.

It is true, as a general proposition, that a party is entitled to have his case tried upon an entirely correct theory of law; but when it appears well determined on an application of sound principles, erroneous rulings, which do not and cannot affect the merits, constitute no ground of error.

It is quite manifest, I think, that a case was made for the jury on the evidence. There was proof tending to show that the defendant directed the execution of the void process. He applied for the warrant, took it from the justice, and delivered it to the officer. This was some evidence on the point, if not indeed quite sufficient to charge him. But this was not all; it appears that the officer, at the time of executing the warrant, was in communication with the defendant, and after conversing with him, returned and continued the search. His action and conduct indicated a direction and control of the process, and the jury were authorized so to find.

The damages cannot be said to be excessive. A forcible entry and search of one's dwelling, from cellar to garret, as in this case,

also other buildings, for stolen property, on a charge of larceny against the occupant and owner, is a high-handed act, and must be justified by circumstances of strong suspicion, backed by legal process; otherwise it is a case of great and aggravated wrong. For aught that appears, the plaintiff held a respectable position among his neighbors; he had a family about him; the search was made under a degrading charge against him, and it was conducted with such particularity as was well calculated to humiliate. The case was a proper one for exemplary damages, in case the jury were of the opinion that the defendant acted maliciously. So the judge properly charged. In the course of the charge he said that if the defendant directed the proceeding merely to gratify his malice, and made use of circumstances as a mere pretense to injure the plaintiff, then it was a case that would "require" an allowance of exemplary damages. This expression should be considered in connection with the entire charge, and its meaning obtained from an entire reading of it. Thus read and considered it will be seen that all that was intended by way of instruction was this: that if the jury found that the conduct of the defendant in directing the search of the plaintiff's dwelling and premises was malicious then they would be authorized to award exemplary damages, and that the allowance of such damages was for them in the exercise of a fair discretion. Such is the purport of the charge. In this there was no error. The jury were also instructed that in awarding exemplary damages they might make allowance to the plaintiff for being compelled to come into court for redress. This, although excepted to, is not mentioned in the appellant's brief and points. Such instruction is sustained by the decision in *Welch* v. *Durand* (36 Conn., 182). After a careful examination of the case we are of the opinion that it discloses no error calling for a new trial.

The order appealed from must be affirmed; the motion for a new trial must be denied, and the plaintiff is entitled to judgment on the verdict with costs.

LEARNED, P. J., and OSBORN, J., concurred.

Motion for new trial denied and judgment ordered for plaintiff on verdict with costs.