Williams, C. J.
The original action was brought in the court of common pleas of Wood county, by *602 William. T. Reese, the defendant in error, against Jonas Henline and Nathan W. Stafford, on the bond of Henline as constable of Liberty township in that county, to which office he had been duly chosen; Stafford being surety on the bond. The bond, which was duly executed, is in the usual form, conditioned for the faithful performance by Heniine of his duties as such constable. The alleged breach of the condition consisted of a seizure by the constable, of certain chattel property of the plaintiff, on a writ of replevin issued against him by Stafford as a justice of the peace of the same township, which office he then held. The writ, it is claimed, was void for want of jurisdiction of the justice to issue it, and the constable and his surety became liable on the bond for the damages sustained by Reese in consequence of the' proceedings under it. Upon issues joined in the action, the cause was tried to the court, and a finding made of the facts, which, in addition to those already stated, are, in substance, as follows: (1.) At the time of the commencement of the replevin suit, and the service of the writ, Reese was not a resident of Liberty township, but resided, and was a householder in another township of Wood county, which was known to both the justice and constable; (2.) The affidavit filed by the plaintiff in the replevin suit was not signed by him, though it was in fact sworn to by him before the justice, who certified thereto, and it contained a proper description of the property, and a statement of all facts required by the statute; (3.) The writ of replevin issued by the justice and delivered to the 'constable was in due form of law, regular on its face, and disclosed no want of jurisdiction of the justice to issue it; (4.) The constable found *603 the property described in the writ, in his township, and there took the same into his possession, caused it to be appraised, and, after taking from the plaintiff an undertaking in replevin in' the requisite amount, delivered the property to him; (5.) At the time of the seizure of the property, the constable finding Reese in the township where the writ was issued, made personal service there upon him of a summons, which accompanied the writ of replevin, but did not deliver to him a copy of the latter writ-: (6.) Return was made of the process and undertaking, to the justice in due time, and afterward on the return day, Reese filed his motion before the justice of the peace to dismiss the action for want of jurisdiction of his person, which was sustained, and the suit accordingly dismissed; whereupon demand was made of the constable for the return of the property, which he was unable to comply with, having previously delivered it to the plaintiff in the suit and filed his undertaking with the justice. The court also found the amount of the plaintiff’s damages,- if upon the facts he should be entitled to recover any; but, being of opinion that on the facts found, the defendants were not liable on the bond, judgment was rendered in their favor; which judgment the circuit court reversed, holding that on the facts found, the plaintiff should have judgment, and accordingly rendered judgment for him. We are called upon to decide which of these judgments is the correct one.
The omission of the plaintiff in the replevin suit to sign the affidavit upon which he obtained the writ, was at most an irregularity which did not invalidate the writ, nor deprive the constable of protection in executing its command. A ministerial officer, before executing process *604 placed in liis hands, is not obliged to inquire into the regularity of the proceedings of the tribunal from which it emanates, and determine at his peril whether it was lawfully issued or shall be obeyed. His duty is to execute it, if in dqe form of law, regular on its face, and comes duly authenticated from a court or magistrate having jurisdiction of the subject matter.
The position taken by counsel for the defendant in error, which was apparently adopted by the circuit court is, that the justice issuing the writ was without jurisdiction of the' case, because the defendant did not reside in his township, but was a resident householder of another township of the same county; and that fact being known to the constable, his writ afforded no justification for any act done under it. The statute affecting the jurisdiction of justices of the peace in this respect, provides that a resident householder or free holder of the county shall not be held to answer a summons in a civil matter in any township of such county, other than the one in which he resides, except when there is no justice of the townsnip where he resides, or the only justice therein is interested in the controversy or is related in certain degrees to either of the parties. Assuming here, without intending to be understood,.as so holding, that knowledge that the defendant was a resident householder of another township constituted knowledge of a wantof jurisdiction of the justice to issue the writ, it does not follow, we think, that the constable must be held liable for executing it, when done in a lawful manner. The justice unquestionably had jurisdiction of actions for the replevin of property of the kind described in the writ, and to issue such process. *605 That delivered by him to the constable for service was duly authenticated, regular in form and substance, disclosing no want of jurisdiction to issue it, and in all respects was such a writ as the justice had apparent authority to issue; so that, any knowledge the constable may have had concerning the defendant's residence was derived from sources outside of the writ. We understand the rule in such a case to be, that while a ministerial officer who has knowledge from a source other than the writ that the court or magistrate issuing it is without jurisdiction of the person against whom it is directed, is not obliged to serve it, and may decline to do so without creating a liability for his failure, he may, nevertheless, relying on its regularity, execute it according to its command, and plead it in justification of his acts in doing so. Crocker on Sheriffs, section 283; Swan’s Treat., 504; People v. Warren, 5 Hill. 440; Webber v. Gay, 24 Wend., 485; Watson v. Watson, 9 Conn., 140; Wilmarth v. Burt, 7 Metc., 257; Erskine v. Hohnbach, 14 Wall., 613; Wall v. Trumbull, 16 Mich. 228, 233, and see Taylor v. Alexander, 6 Ohio, 145; Harmon v. Gould, Wright’s R., 709; Sanford v. Nichols, 13 Mass., 286-288. We are aware that there are some cases which hold a different doctrine; but the rule, as we have stated it, is maintained by the great weight of authority, and rests upon sound reason. It is essential to an efficient administration of the law, that there be effectual execution of legal process, to the accomplishment of which promptness and expedition are necessary. Questions of jurisdiction are often difficult of correct determination, depending sometimes for their proper decision upon complications of fact, and involving the employment of legal learning and judicial investigation ; and to *606 require ministerial officers with, process in their hands for execution to stop and determine such questions by looking beyond the face of the process, before proceeding to execute its precepts, would not only be incompatible with the.nature of their office, and the proper discharge of their duties, but must necessarily retard the administration of justice, and often obstruct or defeat the remedies of parties. The officer may honestly believe that he is in possession of information beyond the writ, that deprived the tribunal from which it came of jurisdiction over the party, and yet be mistaken; or he may in good faith believe there was such jurisdiction, and yet have knowledge of facts which excluded it; and if he could be charged with a liability for every such erroneous, though honest judgement, ■ on the question of jurisdiction, it is not difficult to understand the delays and embarrassments that must result in the business of the courts. This case not inaptly serves to show the difficulties of such a rule. It is contended the constable was sufficiently apprised of the justice’s want of jurisdiction to entertain the action against the defendant in replevin, because he knew the defendant was a resident householder of another township in the county; but it is evident that under the statute that fact alone was not sufficient to deprive the justice of jurisdiction, for, notwithstanding that fact, the jurisdiction would exist if there were no justice in the defendant’s township who was disinterested, or who was not related, in the prohibited degrees, to either of the parties; so that, to wholly exclude the jurisdiction of the justice, all of those facts must concur, and therefore, knowledge of one of them only, would not be *607 knowledge that the justice was without jurisdiction.
If ■ it were true that as between the parties in such an action, when the defendant should prove he was a resident householder of a different township it would then be incumbent on the plaintiff, in order to sustain the jurisdiction, to prove one of the other facts which authorize the justice to entertain the action, such a rule could hardly be applicable in a suit against the constable on his bond, for executing process issued by the justice, unless, having information which, if followed up by diligent inquiry would lead to knowledge of all the facts which would exclude the justice’s jurisdiction, he is to be charged with such knowledge. That would involve a large inquiry, and make the officer’s liability depend not upon the knowledge he had,but on that which he might have obtained. It is a more reasonable rule, that the officer is entitled to protection in the execution of his writ when it is regular on its face; and that he is not affected by information received outside of it, nor liable for acts done in its proper execution unless there is a want of jurisdiction to issue it which appears from the writ itself.
It is argued that the • facts found by the trial court entitle the plaintiff to judgment against the justice. But we think not. The action is brought on the constable’s bond, and the liability sought to be enforced against the justice is that of surety on the bond; and as the constable is not liable, the surety cannot be held. What remedy the plaintiff may have against the justice, individually, or against the party who instituted the replevin suit, are not questions now before us for determination. We *608 think the judgment of the circuit court was erroneous and must he reversed, and that of the common pleas affirmed.

Judgment accordingly.