PEOPLE *v.* PREUSS.

1. SEARCHES AND SEIZURES—CONSTITUTIONAL LAW.—PREMISES TO BE SEARCHED AND THING TO BE SEIZED MUST BE DESCRIBED.

Under the constitutional provision prohibiting unreasonable searches and seizures, search warrants may issue only on probable cause supported by oath or affirmation, and they must describe the place to be searched and the person or thing to be searched for and seized if found.

2. SAME—SEARCH WARRANT LIMITS OFFICER'S DUTY.

The duty and rights of an officer executing a search warrant are strictly limited to its mandate, both as to place and thing.

3. SAME — SEARCH WARRANT — AUTHORITY TO SEIZE BEANS No AUTHORITY FOR SEIZING WHISKY.

That an officer was lawfully upon premises with a search warrant to search for and seize stolen beans would not

authorize him to seize a quantity of moonshine whisky, found thereon.

4. SAME — INTOXICATING LIQUORS—EVIDENCE UNLAWFULLY SEIZED NOT ADMISSIBLE.

In a prosecution for the unlawful possession of intoxicating liquors, moonshine whisky found and seized on defendant's premises by virtue of a search warrant authorizing the search for and seizure of stolen beans, was not admissible in evidence, since its seizure was unlawful, constituting the officer a trespasser.

Exceptions before judgment from Clinton; Moinet (Edward J.), J.   Submitted October 11, 1923.   (Docket No. 137.)    Decided November 13, 1923.

Adolph Preuss was convicted of violating the liquor law.    Reversed, and defendant discharged.

*Walbridge & Fehling,* for appellant.

*Oliver Spaulding,* Prosecuting Attorney, for the people.

STEERE, J.    On November 23, 1922, the sheriff of Clinton county, accompanied by a deputy, went to defendant's farm home in Victor township to execute a search warrant directing the search of said premises for some stolen beans.    No beans were found there and the sheriff made the following return to the warrant:

"By virtue of the within warrant I searched for goods and chattels therein named, at the place herein directed and described, and found none of the within named beans on said premises.

"Dated St. Johns, this 2d day of December A. D. 1922.
                                        "JOHN S. BARNES,
                                                    "Sheriff."

He did, however, while making search for the beans

named in his warrant, discover in one of the bed rooms of defendant's residence 7 gallons of moonshine whisky which he seized, and arrested defendant for unlawfully having it in his possession. On his complaint a warrant was issued, defendant was arrested and held by the committing magistrate for trial at the next ensuing term of the circuit court under a charge of unlawfully and feloniously having in his possession, storing and keeping 7 gallons of intoxicating liquor called moonshine whisky. Against the information filed in the circuit court charging him with that offense his counsel timely moved for an order that the information be quashed, the defendant discharged, the liquor so seized returned, and the evidence obtained in the search be suppressed, urging as reasons therefor that the officers at the time they entered and searched defendant's dwelling, arrested him and seized the liquor, had no warrant for his arrest, or search warrant issued for the purpose of or authorizing the search for or seizure of intoxicating liquors on his premises, and that the search warrant under authority of which they claimed to have acted was insufficient in law to justify even a search and seizure of the property described in it because no facts are set forth in the sworn complaint upon which it is based to justify the magistrate in issuing a search warrant.

These preliminary objections were overruled. Upon trial of the case the right to review all questions so raised was saved by timely motions, objections and exceptions. Defendant offered no testimony. The court instructed the jury that under the undisputed evidence introduced by the prosecution defendant was as a matter of law guilty as charged. The jury so found.

The material part of the sworn complaint on which the search warrant was based is as follows:

—"certain of the goods and chattels of James Mahar,

to wit: thirty bushels of beans were then and there feloniously stolen, taken and carried away from the possession of him, the said James Mahar, by some person or persons to said complainant unknown; and that said complainant has just and reasonable cause to believe, and does believe, that the said goods and chattels, or some part thereof, are now concealed in one of the buildings occupied by A. Preuss, on section 30, in the township of Victor in said county; said buildings being occupied as farm barns and outbuildings, and as a dwelling house not used solely as such in the township of Victor in said county, and that the grounds of his said belief are as follows: that said A. Preuss is a suspicious character who has at times hung around the premises of James Mahar; and who was there and ascertained the location of the beans just before the said beans were taken, wherefore said complaint prays," etc.

The mandate in the warrant directing the place to be searched and the thing to be searched for followed the language of the sworn complaint.

The sufficiency of the purported statement of facts as ground for affiant's belief under the requirements of our statute can well be questioned. But passing that objection, counsel for the prosecution urge and argue that even though the warrant is held illegal on that ground it is nevertheless fair on its face and protected the officer serving it. Conceding that proposition so far as protecting the officer himself from legal liability in obeying its mandate to search the premises for and seize if found a quantity of beans, it did not direct or authorize him to search the premises for and seize, if found, moonshine whisky, nor protect him in so doing.

The constitutional provision prohibiting unreasonable search and seizure makes plain that search warrants, which can only issue on probable cause supported by oath or affirmation, must describe the place to be searched, and the person or thing to be searched for and seized if found. *People* v. *Musk,* 221 Mich. 578.

The duty and rights of an officer executing a search warrant are strictly limited to its mandate, both as to place and thing.

"If the warrant directs the seizure of a certain kind of property a seizure of an entirely different kind constitutes the officer a trespasser." 24 R. C. L. p. 709.

"In order to comply with the constitutional provisions regulating the issuance of search warrants, the property to be seized under a warrant must be particularly described therein and no other property can be taken thereunder. The goods to be seized must be described with such certainty as to identify them, and the description must be so particular that the officer charged with the execution of the warrant will be left with no discretion respecting the property to be taken." 24 R. C. L. p. 714.

"He (the officer) should pursue the directions of the warrant strictly, and ought not to take any goods or articles but those specified; for if he be directed to seize one kind of article and he seize another, he is a trespasser." Tiffany, Criminal Law (How. 4th Ed.), p. 362.

It is unnecessary to cite or discuss the various decisions of this and other courts holding that evidence searched for and seized by a trespassing officer unlawfully invading a private residence may not be used against its occupants. In avoidance of this rule it is contended for the prosecution that the officer was lawfully on the premises under a mandate to search them; that while so there he had authority as elsewhere to arrest for a felony committed in his presence, and seize as evidence the means by which it was being committed; citing *People* v. *Woodward,* 220 Mich. 511.

In the *Woodward Case* no question of a search warrant was involved. Officers in the regular line of their duty entered defendant's residence to quell a

noisy brawl amounting to a disturbance of the public peace and arrest the offenders. Their right to enter for that purpose under the circumstances shown was not seriously contested. They were confronted amongst other things by defendant sitting at a table with a bottle containing whisky standing on it. There were four men in the room, one lying on the floor in a pool of blood. Conditions they found confirmed the indications reaching the street that a serious breach of the peace was in progress. The contents of the bottle and condition of the men plainly pointed to the cause of the disturbance. They arrested three of the men, including defendant, taking possession of the bottle and its contents. His ownership of it was conceded. Of that situation it was said in part:

"When these officers entered defendant's home and quelled the disturbance, the existence of which justified their entry, might not they use their eyes and observe what was to be seen? * * * No search was needed to establish the fact. The bottle and surroundings were evidence thereof. * * *

"In its wisdom the legislature has forbidden the search of a private dwelling unless some part is used for other purposes therein specified. The statute goes no further. It in no way renders the owner while therein immune from arrest or punishment for violation of the statute if such arrest be lawfully made. Nor does it render the evidence of the commission of the crime immune from seizure where no search is needed to discover it."

In the instant case a search was necessary to discover the evidence seized. It was ostensibly made under authority of the search and seizure law. Except as he followed the strict mandate of his warrant to search for and seize if found a described quantity of beans the officer was a trespasser upon those premises. Defendant was not in the house when he made the search. He found no property of the kind he was directed to seize, but in violation of the man-

date of his search warrant seized property of an entirely different kind, which "constitutes the officer a trespasser" and his seizure unlawful. The evidence so illegally seized in a search of defendant's home was not admissible against him upon his trial for having it in his possession.

The conviction must be reversed and defendant discharged from his recognizance.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.