PEOPLE *v.* BAWIEC.

1. SEARCHES AND SEIZURES—CONSTITUTIONAL LAW—INTOXICATING LIQUORS.

    A warrant to search "a two-story frame house * * * occupied * * * as a private dwelling and as a place for the manufacture, storage, sale, furnishing, and giving away of intoxicating liquor," *held*, insufficient under section 10, Art. 2, State Constitution, to authorize the search of an old log house some 18 or 20 feet away and disconnected from the frame house, but within the curtilage.

2. INTOXICATING LIQUORS — CRIMINAL LAW — EVIDENCE OBTAINED BY TRESPASS INADMISSIBLE.

    Where, on reviewing defendant's conviction of a violation of the prohibition law, it appears that the only evidence produced against him was obtained by an unlawful trespass, his conviction is reversed and defendant discharged.

Exceptions before judgment from Presque Isle; Emerick (Frank), J.    Submitted June 13, 1924. (Docket No. 98.)    Decided July 24, 1924.

On constitutional guaranties against unreasonable search and seizure as applied to search for or seizure of intoxicating liquor, see notes in 3 A. L. R. 1514; 13 A. L. R. 1316; 27 A. L. R. 709.

Joseph Bawiec was convicted of violating the liquor law.      Reversed, and defendant discharged.

*Frank T. Hinks,* for appellant.

*Arthur Wilcox,* Prosecuting Attorney, for the people.

FELLOWS, J.      Defendant here reviews his conviction of a violation of the prohibition law on exceptions before sentence.      The place to be searched is described in the affidavit as:

"* * * a two-story frame house unpainted, partly shingled upon the sides, located on the north half of the northeast quarter of section five, * * * in the township of Krakow, in said county and State, and occupied by Joe Bawiec and John Bawiec, as a private dwelling and as a place for the manufacture, storage, sale, furnishing and giving away of intoxicating liquor."

The warrant followed the affidavit.      The place searched was an old log house some 18 or 20 feet away and disconnected from the frame house, but within the curtilage, and the sole question presented is whether the search warrant authorized the search of any building other than the one described in the affidavit and writ.      Section 10, art. 2, of the State Constitution provides:

"The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures.      No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation."

In *People* v. *Musk,* 221 Mich. 578, the premises searched were 932 Elwood avenue upon a warrant naming 926 Elwood avenue.      It was held that the

228—Mich.—3.

search and seizure were invalid and it was there said:

"The proceeding is a drastic one and legislation for its enforcement should be strictly construed.   *   *   *

"We are of the opinion that the action of the officer in searching number 932 Elwood avenue and seizing liquor therein was an unjustifiable trespass and a violation of defendant's constitutional and legislative rights."

24 R. C. L. p. 713, and *Larthet* v. *Forgay*, 2 La. Ann. 524 (46 Am. Dec. 554), were there cited and quoted from.   In *People* v. *Flemming*, 221 Mich. 609, although the wrong block was given the building to be searched was specifically described so as to leave no discretion to the officer and the conviction was sustained.   This case was followed in *People* v. *Lienartowicz*, 225 Mich. 303, and in *People* v. *Urban*, *ante*, 30.   In *People* v. *Preuss*, 225 Mich. 115, it was said by Mr. Justice STEERE, speaking for the court:

"The constitutional provision prohibiting unreasonable search and seizure makes plain that search warrants, which can only issue on probable cause supported by oath or affirmation, must describe the place to be searched, and the person or thing to be searched for and seized if found.   *People* v. *Musk*, 221 Mich. 578.   The duty and rights of an officer executing a search warrant are strictly limited to its mandate, both as to place and thing."

This is in consonance with the general rule.   In *Hampton* v. *State*, 148 Tenn. 155, 162 (252 S. W. 1007), it was thus stated:

"Because the Constitution forbids general warrants, the magistrate should see that the place to be searched is sufficiently described to enable him to carry the description in the warrant, so that the warrant may direct the officer where to search, without leaving any discretion to the officer as to what place he may search. This is important so as to exclude search of places not contemplated by the warrant. The warrant must

tell the officer what to search for, as well as where to search."

It will thus be seen that while this court has treated as surplusage misdescriptions where the place to be searched has been otherwise described with such definiteness as to leave no discretion in the officer, we have not thus far held that a search warrant made valid by a definite description pointing only to a specific building and directing a search therein justifies a search of another building not described although located in the same vicinity. Nor do we think we should so hold. It is permissible to direct in one warrant the search of the house and outbuildings within the curtilage. *Caudill* v. *Commonwealth* (Ky.), 249 S. W. 1005; *Meek* v. *Pierce,* 19 Wis. 300. In the last cited case, it was said:

"The warrant was not void. It was not what is termed a traveling warrant. It did not direct the officer 'to search all suspected places;' nor, as in *Sandford* v. *Nichols,* 13 Mass. 286, to search the houses or stores of several different persons. It only authorized the search of the dwelling house of the plaintiff, and of 'the granary, outbuildings, or straw stacks upon the premises.' It would destroy the utility of the proceeding, if, beside the building principally named, all other buildings and places of concealment upon the same premises, occupied in connection with it and by the same person, could not also be searched, and by virtue of the same warrant."

In the instant case, however, the outbuildings were not included in the warrant which was the mandate and the only mandate to the officer. This mandate gave the authority to the officer to make the search and at the same time limited the scope of his authority. If we should construe a dwelling house (definitely described) to include outbuildings within the curtilage (not described at all) it would follow as a necessary corollary that we should so construe the term as used in the concluding provision of section 30, Act No.

336, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 7079 [30]). This would give to the outbuilding the immunity given the dwelling house by this provision (see *People* v. *Hertz*, 223 Mich. 170) and would clearly frustrate the legislative intent.

The exceptions of the defendant must be sustained. The officer exceeded the mandate of the writ. As the only evidence produced against defendant was obtained by this unlawful trespass, the reversal will be without a new trial and the defendant will be discharged.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.