BULLOCK *v.* WARD.

INTOXICATING LIQUORS — WARRANT — SEARCH AND SEIZURE ACT — SHERIFFS.

Under section 29 of Act No. 107, Pub. Acts 1909 (2 How. Stat. [2d Ed.] § 5044), wherein the requisites are set forth for issuance of search warrants, authorizing the seizure of intoxicating liquors unlawfully stored and concealed, an affidavit for such warrant, which does not allege in the language of the statute that the liquors are concealed in the place named therein, does not comply with the law, and the warrant afforded no protection to the sheriff in seizing liquors which were stored for sale in a county that had adopted prohibition.

Error to Montcalm; Davis, J. Submitted April 28, 1914. (Docket No. 153.) Decided October 2, 1914.

Trover by Julian W. Bullock against Alphonsus E. Ward and others for the conversion of certain intoxicating liquors. Judgment for plaintiff for less than his claim and he brings error. Reversed.

*R. A. Hawley,* for appellant.

*L. C. Palmer,* for appellees.

McALVAY, C. J. Plaintiff in this suit upon a writ of error asks this court to review and set aside a certain judgment entered upon a verdict directed in part against him in an action of trover brought by him against defendants. The facts in the case are as follows:

Defendant Ward, at the time of the taking and conversion of plaintiff's property, was sheriff of Montcalm county. The other defendants were his deputy sheriffs. Plaintiff was a registered druggist and pharmacist engaged in that business in the village of

Fenwick, Montcalm county. He had given no bond for the sale of liquor as a druggist on May 1, 1911, and did not give such bond until July of that year. On May 19, 1911, at an early hour in the morning, the deputy sheriffs above named, acting under orders and directions of Sheriff Ward, who placed in their hands a search and seizure warrant, made a search of plaintiff's premises in Fenwick, and seized and took away therefrom a large quantity of his property, being liquors with the receptacles containing them, of the claimed value of $284.

At the close of the proofs in the case, the trial court directed the jury to return a verdict in favor of plaintiff for the value of certain liquors and property taken by defendants, not described in the search warrant, to the amount of $29.45, and found defendants not guilty of the unlawful taking and detention of the other property mentioned and described in the declaration. The search and seizure proceedings had in this case were intended to be those provided for by what is known as the local option law of this State, and the questions raised upon the errors assigned by plaintiff challenged the validity of the complaint and warrant under which the officers justified the seizure of plaintiff's property.

Plaintiff contended in the court below, and now contends, that:

"The complaint and affidavit made for the purpose of obtaining the search and seizure warrant involved in this cause conferred no authority or jurisdiction upon the magistrate to issue such a warrant in that it did not set forth the statutory requisites."

We notice that defendants insist this question was not raised in the court below. Our examination of the record shows that counsel is mistaken. Early in the case counsel for plaintiffs stated to the court:

"The entire claim before the court is this: Have

we a valid statute in this State authorizing the issuance of seizure warrants? If we have, does this paper, that was issued under that statute valid upon its face, disclose no legal defects upon the face of it? If it does, they had a right to seize them."

And again, at the close of the proofs, plaintiff's counsel made a motion for a directed verdict and, among other reasons given at the time, said:

"We assert this search warrant was not a legal process and would not operate as a justification for the reasons, as follows:    *    *    *    It isn't stated, as I have already referred to, that affiant believes, or has good cause to believe, that such liquor is there on the premises concealed."

This was understood by the learned trial judge, who, in denying plaintiff's motion, among other things, said:

"The complaint itself in this case is within the statute. The warrant for search and seizure in this case is fair upon its face, so much so as would authorize the sheriff to act as he did."

The following is a copy of the search and seizure warrant upon which the property of plaintiff was seized and taken away by defendants:

"STATE OF MICHIGAN,
"County of Montcalm—ss.:
"To GEORGE D. BOGART, Deputy Sheriff of Said County
  —Greeting:
"Whereas, there has been filed with the undersigned an affidavit of which the following is a true copy, to wit:
" 'STATE OF MICHIGAN,
" 'County of Montcalm—ss.:
" ' 'The sworn complaint and affidavit of Frank Cole of Fairplains Township in said county, made and taken before me, William A. Briggs, a justice of the peace of the city of Stanton, in said county, upon the 18th day of May, A. D. 1911, who, being duly sworn, says that he has reason to believe and does believe that malt, brewed, fermented, spirituous, vinous, and in-

toxicating liquors, to wit, beer, whisky and alcohol, are being sold, furnished and given away as a beverage and kept for the purpose of being sold, furnished and given away in the drug store known as Bullock's drug store at and in the unincorporated village of Fenwick, in the township of Fairplains and county of Montcalm aforesaid.

" 'FRANK COLE.

" 'Subscribed and sworn to before me this 18th day of May, A. D. 1911.

" 'WILLIAM A. BRIGGS,
" 'Justice of the Peace.'

"These are therefore to command you in the name of the people of the State of Michigan, together with the necessary and proper assistance to enter into the drug store known as Bullock's drug store in the unincorporated village of Fenwick in the township of Fairplains in the said county of Montcalm and there diligently search for the said intoxicating liquors and implements, to wit, beer, whisky and alcohol and that you bring the same or any part thereof found in such search forthwith before me to be disposed of and dealt with according to law.

"Given under my hand this 18th day of May, A. D. 1911.

"WILLIAM A. BRIGGS,
"Justice of the Peace."

The material part of section 27 of Act No. 107, Pub. Acts 1909, being the act under which the search and seizure proceedings were taken, which is necessary to be quoted, provides:

"SEC. 27. If any person makes a sworn complaint or affidavit before any magistrate authorized to issue warrants in criminal cases, that he has reason to believe and does believe that any of the liquors mentioned in section one of this act, are being manufactured, sold, furnished, or given away as a beverage or kept for the purpose of being sold, furnished or given away or that any such liquors are stored, temporarily or otherwise, in any depot, freight house, express office, or in any other building or place with the apparent intention of being delivered for the purpose of being sold, furnished, or given away contrary to the pro-

visions of this act, such magistrate shall immediately issue his warrant to any officer whom the complainant may designate, having power to serve criminal process, commanding him to search the premises described and designated in such complaint and warrant, and if such liquors are there found, to seize the same, etc."

Section 29 provides:

"No warrant for search shall be issued until there has been filed with the magistrate an affidavit describing the house or place to be searched, the things to be searched for, and alleging substantially the offense in relation thereto, and that affiant believes and has good cause to believe that such liquor is there concealed: *Provided, however,* that any description that will enable the officer to find the house or place to be searched shall be deemed to be sufficient. The warrant for search shall be directed to the proper officer and shall show by a copy of the affidavit inserted therein or annexed and referred to, or recite, all of the material facts alleged in the affidavit and describe the thing to be searched for and the place to be searched. A warrant for search and seizure substantially in the following form shall be sufficient:" (We omit the statutory form of the warrant.)

The principal objection to the sufficiency of the complaint and warrant under which defendants justify is that the affidavit (complaint), which describes the place to be searched, does not state, as required by section 29, that "affiant believes and has good cause to believe that such liquor is there concealed." This contention of appellant is met by argument on the part of defendants:

"That the word 'concealed,' as used in section 29, is unnecessary and without meaning, * * * and, in view of the purpose of the act and the other provisions thereof, it cannot be possible that the legislature intended that the word 'concealed' must be used in the complaint."

We cannot accept this contention for the reason that the language of this section in terms provides that:

"No warrant for search shall be issued until there has been filed with the magistrate an affidavit describing the house or place to be searched, the things to be searched for, * * * and that affiant believes and has good cause to believe that such liquor is there concealed."

It prohibits the issuing of a warrant, unless the affidavit contains certain statements, among which is the one last above quoted, which is included as a requisite part of the affidavit, as explicitly as the place to be searched, the things to be searched for, and the other requisite allegations. It is therefore impossible for this court, where there is no ambiguity in the statute expressive of the legislative intent, to hold that the warrant may be issued upon a complaint which does not contain each and all of the requisites called for by section 29. The legislature provided further in this same section that the warrant for search upon its face shall "show by a copy of the affidavit inserted therein, or annexed and referred to, and recite, all of the material facts alleged in the affidavit and describe the thing to be searched for and the place to be searched." By this it is evident that the legislature considered that it was providing for an extraordinary remedy of search and seizure, which is clearly in the nature of a criminal proceeding. It took great care to make plain and clear upon the face of the warrant that the requisite showing by affidavit had been made.

It appeared upon the face of this warrant that the magistrate who issued it had no jurisdiction, because of the insufficiency of the complaint. Defendants' entire case depends upon the validity of this warrant, under and by virtue of which all of the acts charged against them, in taking and converting plaintiff's property, were done. As a matter of law, this warrant was void and of no effect. It was not a legal process, and would not operate as a justification for the seizure of plaintiff's property.

Other questions presented and discussed by appellant do not require consideration. The court was in error in refusing to direct a verdict against defendants, for plaintiff, as requested.

The one question remaining to be determined is the value of this property which, from our examination of the record, seems to be in dispute; otherwise this court could finally dispose of this case at this time.

The judgment of the circuit court is reversed, with costs of both courts in favor of plaintiff, to be taxed, and a new trial will be had for the sole purpose of an assessment of plaintiff's damages.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.