## MEL MADDEN v. STATE.

No. A-6157.   Opinion Filed May 12, 1928.
(267 Pac. 286.)

C. H. Wyand, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Woodward county, on a charge of possession of intoxicating liquor with the unlawful and willful intent to sell said liquor, and was sentenced by the court to serve a term of 60 days in the county jail and to pay a fine of $100.

The record discloses that on the 23rd day of June, 1925, John J. Bouquot, sheriff of Woodward county, made application to H. B. King, county judge, for a search warrant in which he asked that a search warrant issue to search the residence, buildings, and other places on township 21, range 18, section 2, belonging to Mel Madden.   The search warrant was issued which

described the premises as township 21, range 18, section 2, Woodward county, Okla., as the place to be searched, and alleged that whisky, wine, and beer were unlawfully being kept by one Mel Madden for the purpose of selling.

When the state called its witnesses, the defendant interposed an objection to the testimony as to the search made by the officers, for the reason that the application for the search warrant and the search warrant were insufficient to give the officers authority to search the residence and home they had searched, which objection was overruled by the court and defendant saved an exception.

Testimony on behalf of the state from the sheriff and one or two other witnesses show they went out in the country, and by virtue of a search warrant they had in their possession searched some premises where the family of the defendant was residing, including the residence, outbuildings, and curtelage. To all of this testimony the defendant objected, and his objection was overruled, and defendant excepted.

The proof shows conclusively that the description of the property in the application for the search warrant and in the search warrant was not the description of the property searched by the officers. The defendant occupying the south half of section 3, range 18, township 21, and not occupying any portion of section 2, in township 21, range 18, nor did he have any interest whatever in the lands described in the search warrant, or the buildings thereon. The defendant denied any knowledge of any whisky being on his premises; stated that he had been harvesting and had a number of harvest hands employed, and that if they had any whisky there he did not know it.

At the close of all the testimony, the defendant

again renewed his objections to the testimony introduced by the state, on the ground that it had been unlawfully procured by reason of a search warrant that did not direct the officers to search the premises they had searched. The court overruled his motion, and defendant saved an exception.

Section 7012, C. O. S. 1921, provides:

"That no warrant shall issue but upon probable cause, supported by oath or affirmation describing * * * the place to be searched, and the person or thing to be seized."

Section 7009 provides that, when it shall be made to appear to any judge of any court of record, or justice of the peace, that there is probable cause to believe that liquor is being kept for the purpose of violating the prohibitory laws, such officer may "issue a warrant, directed to any peace officer in the county, * * * commanding him to search the premises described and designated in such complaint."

Article 2, sec. 30, of the Constitution, is as follows:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

It will be seen from a reading of the application for the search warrant and the search warrant that the description given therein of the place to be searched is different from the place that the evidence in the case shows that the officers did search.

In Cornelius, on Search and Seizure, page 320, the author, in discussing this particular matter in paragraph 118, says:

"Where the premises sought to be searched are described by certain street numbers, obviously such a description will not authorize the search of some other street number; the description of the premises at 601 of a certain street did not authorize the search of 603 on that street, even though such premises were owned by the same individual, the search was held to be illegal."

In the case of People v. Musk, 221 Mich. 578, 192 N. W. 485, it is said:

"A warrant to search the premises at 926 Elwood avenue is not authority to search a residence at 932 Elwood avenue."

A careful consideration of the record shows that the application for the search warrant does not contain the necessary allegations to justify the search made of the home of the defendant, as the affidavit and search warrant did not contain the necessary allegations, and the testimony shows that the officers did not search the premises described in the affidavit and search warrant, but went to another section of land and searched it. The search warrant introduced in evidence does not authorize the officers to search section 3, township 21, range 18, and their action in searching section 3 was without authority, and any evidence procured by reason of such action was unlawfully procured, and defendant's objection to its admission should have been sustained.

Other errors are assigned by the defendant, but in the view we take of the record it is not necessary to consider them. There being no evidence on behalf of the state other than the evidence procured by the search warrant of properties not named in the search warrant, the objection of the defendant to the introduction of the evidence should have been sustained. There being no competent evidence to sustain the judgment and sen-

tence, the judgment of the trial court is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.