PEOPLE v. GUTZKI.

1. Intoxicating Liquors—Searches and Seizures—Affidavits—
   Private Dwelling—Conclusion.
   Allegation in affidavit for search warrant to search private
   dwelling house that premises were being used as place of
   public resort where intoxicating liquors were sold and pos-
   sessed, being based on no factual foundation, was mere con-
   clusion or allegation, and therefore was insufficient to author-
   ize issuance of warrant.

2. Same—Odor of Liquor—Statutes.
   Statement in affidavit for search warrant that affiant has smelled
   odor of intoxicating liquors in or about premises is insufficient
   to authorize issuance of search warrant where premises to be
   searched are used as private dwelling house (2 Comp. Laws
   1929, § 9162).

3. Same—Admissions by Accused.
   Allegation in affidavit for search warrant to search private
   dwelling house that defendant admitted to affiant that de-
   fendant was selling intoxicating liquors was sufficient to au-
   thorize issuance of search warrant notwithstanding its denial
   by him.

4. Same—Sufficiency of Affidavit.
   Allegation in affidavit for search warrant to search private
   dwelling house that defendant admitted to affiant that he was
   selling intoxicating liquors must be taken in conjunction with
   other allegations in same sentence, and must be taken to refer
   to sale of liquor at time and place at which he made statement,
   and, so taken, is not open to objection that it was too in-
   definite to be of any force, inasmuch as it does not state
   when and where liquor was sold.

5. Same—Effect on Liquor Laws of Adoption of Constitutional
   Amendment.
   Adoption of amendment to Constitution (article 16, § 11), held,
   not to affect 2 Comp. Laws 1929, §§ 9138–9209, and, there-
   fore, neither excuses nor permits carrying on of liquor busi-
   ness in defiance of law.

Appeal from Ingham; Collingwood (Charles B.), J. Submitted April 14, 1933. (Docket No. 131, Calendar No. 37,118.) Decided May 16, 1933.

Fred D. Gutzki was convicted of violating the liquor laws. Affirmed.

*Charles P. Van Note* and *John F. Berry,* for appellant.

*Patrick H. O'Brien,* Attorney General, *Dan D. McCullough,* Prosecuting Attorney, and *Benjamin F. Watson,* Assistant Prosecuting Attorney, for the people.

BUTZEL, J. Fred D. Gutzki appeals from a conviction for violation of the liquor laws. Preceding the drafting of the complaint and information, one Charles Melick made an affidavit for a search warrant before a justice of the peace of the city of Lansing, in which he stated that intoxicating liquors were being sold and possessed contrary to law in a two-story frame dwelling house and garages located at 817 North Cedar street, in Lansing, and occupied by defendant; that the building was a private dwelling house, but also a place of public resort where intoxicating liquors were sold and possessed contrary to law; that such intoxicating liquors, together with containers, implements, and furniture used in the illegal sale and possession thereof, were concealed in the buildings; that the facts supporting affiant's belief and upon which the foregoing allegations were made, were as follows:

"That upon the 18th day of October, 1932, this affiant called at the above place, but was not allowed to enter the place, but could see men drinking in the basement and could smell the odor of beer and that the said Fred D. Gutzki admitted that he was selling intoxicating liquor."

Search and seizure were made under the warrant, and, not only was a large quantity of liquor found in the basement, but also furniture and fixtures such as were formerly used in bar rooms, including a bar, a back-bar, and two slot machines. Timely motions to suppress the evidence were made at the examination and repeated before trial, alleging the affidavit on which the search warrant was issued to be false and defective. Affidavits and testimony were presented indicating that, from the outside of the building, it was impossible to see into that part of the basement in which the saloon was conducted. With the falsity of the statement that men could be seen drinking definitely established, the assertion that the place was being used as a place of public resort where intoxicating liquors were sold and possessed was a conclusion based on no factual foundation. A mere allegation is insufficient. *People* v. *Musk,* 221 Mich. 578.

Under 2 Comp. Laws 1929, § 9162, no affidavit may be based upon the odor of intoxicants when the warrant is to be used as authority for the search of a private dwelling. This leaves as the only ground upon which the affidavit may be sustained, under 2 Comp. Laws 1929, § 9167, the alleged admission of defendant, denied by him alone, that he was selling liquor. It was within the province of the trial judge not to believe defendant.

It is claimed, however, that the statement that "the said Fred D. Gutzki admitted that he was selling intoxicating liquor" is insufficient basis for a warrant to search a private dwelling; that it is too indefinite to be of any force, inasmuch as it does not state when and where the liquor was sold. Had the search warrant been based solely upon an affidavit to the effect that defendant admitted that he was

selling liquor, there is no doubt but that such allegation standing alone would be insufficient to justify the issuance of a search warrant. We must, however, give the words their natural meaning by reading them in conjunction with the other allegations in the same sentence. The only fair and natural interpretation of the allegation of affiant, when so considered, is that defendant's admission referred to the sale of liquor at the time and place at which he made the statement. The juxtaposition of the allegations in the affidavit makes this apparent.

Defendant further claims that the adoption of the amendment to article 16, § 11, of the Constitution, on November 8, 1932, left no valid existing law on which to base the information in the present case. The amendment was as follows:

"The legislature may by law establish a liquor control commission, who, subject to statutory limitations, shall exercise complete control of the alcoholic beverage traffic within this State, including the retail sales thereof; and the legislature may also provide for an excise tax on such sales: *Providing, however,* that neither the legislature nor such commission may authorize the manufacture or sale of alcoholic beverages in any county in which the electors thereof, by a majority vote, shall prohibit the same."

The amendment neither excused nor permitted the carrying on of the liquor business in defiance of the law. Act No. 338, Pub. Acts 1917 (2 Comp. Laws 1929, §§ 9138–9209), was not affected by the amendment. We need not dignify the claim by further discussion.

Conviction is affirmed.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.