MATT GREEN V. THE STATE.

No. 6943.   Decided May 3, 1922.

Rehearing Denied, June, 1922.

Intoxicating Liquors—Manufacture—Bill of Exceptions—Search and Seizure.

Where, upon trial of the manufacture of intoxicating liquors, defendant asked for an injunction to restrain the county attorney and sheriff from using testimony illegally obtained, before announcing ready for trial, etc., all of which was refused, and it did not appear from the record that there was any breaking or entry against the will or wish, or consent, of the appellant or anybody representing him, there was no reversible error, in the refusal of the trial court to return to appellant said intoxicating liquors, etc., and to allow the officers to testify, etc.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Kaufman County of manufacturing intoxicating liquor, and his punishment fixed at confinement in the penitentiary for a period of one year.

There is but one bill of exceptions in the record and it is quite lengthy. In substance it sets out that before the announcement of ready on the part of either party and prior to the call of the case for trial, appellant had asked for an injunction to restrain the county attorney and sheriff from using testimony illegally obtained upon this

trial, and that said injunction had been refused.  Said bill of exceptions further reflects the fact that appellant had filed a motion to require the county attorney of Kaufman County and the sheriff of said county to refrain from using and giving testimony obtained by an illegal search of appellant's home and seizure of defendant's property and asking that the State be required to return to appellant certain property claimed to have been illegally taken from appellant's possession and premises, and that the sheriff be not allowed to testify regarding what he found in possession of appellant on the occasion of such alleged illegal search.  It appears that the sheriff went to appellant's premises armed with a search warrant, but an examination of the testimony as set out in said bill of exceptions wholly and entirely fails to disclose that there was any objection made on the part of appellant to the sheriff's entry into his house, or that recourse was had by the sheriff to any authority conferred upon him by means of said search warrant in the premises.  The sheriff testified that about the 1st day of September, 1921, he went out to where appellant lived and that appellant was sitting on the front porch, and that he went in and told appellant that he wanted to look around, and that appellant said nothing until the sheriff started into the house, and that appellant then said, "I don't know what you want to look around for." · About this time the sheriff said his deputy, who had walked around to the back of the house, called and said, "Come here, here are the articles," and he walked around to the kitchen and found a drum setting on a charcoal burner and whisky running off on the floor, that the vessel had been taken out from under it, that it was a nice little stream, and he said to appellant: "It won't do to lose it; put the pan back under it."  The sheriff further testified that they disconnected the thing and set it off the fire, and took the worm loose; that appellant himself set the boiler off the furnace and carried it out in the yard.  The officer further said he found some whisky there at appellant's house, his recollection being that he found four quarts; that it was corn whisky and was intoxicating; that he brought it to town and placed part of it in a bottle and gave it to the county attorney.

We are unable to perceive any error in any of the matters shown in the above bill of exceptions.  There does not appear to have been breaking or entry against the will or wish or consent of the appellant or anybody representing him.  As far as we are informed by the bill of exceptions the entrance by the sheriff into the kitchen or other premises of the appellant was through an opened door and without any objection on the part of appellant whatsoever.  There is no question from the record but that at the time appellant was engaged in the commission of a felony.  There is not a suggestion in the record that the house or premises of appellant was subjected to any unreasonable search or seizure on the part of the officers.  It being shown that appellant was then engaged in the commission of a felony, to-wit:

the unlawful manufacture of intoxicating liquor, it was perfectly proper for the officer to take into his possession the intoxicating liquor so manufactured by the appellant and to produce it upon the trial of this case, as evidence, and no error was shown by the refusal of the trial court to return to appellant said intoxicating liquor.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*