### PEOPLE v. MUSK.

1. SEARCHES AND SEIZURES—CONSTITUTIONAL LAW—PLACE TO BE SEARCHED MUST BE ALLEGED ON OATH.

> The Constitution and legislative acts of this State prescribe as a prerequisite to the right to search one's home or possessions that the place to be searched and the thing to be searched for shall be alleged on oath.

2. SAME—DRASTIC PROCEEDING—STRICTLY CONSTRUED.

> The proceeding of search and seizure is a drastic one and legislation for its enforcement should be strictly construed.

3. SAME — INTOXICATING LIQUORS — PUBLIC RESORT — DWELLING HOUSE—DESCRIPTION—STATUTES.

> Since under Act No. 53, Pub. Acts 1919, a dwelling house may not be searched unless it is shown that it is a place of public resort, a search warrant issued upon an affidavit that certain premises known and numbered 926 Elwood avenue in a certain city were occupied as a place of public resort and not as a drug store, etc., directing the officer to search number 926 Elwood avenue for intoxicating liquors, would not authorize him to search premises known and numbered 932 Elwood avenue, occupied as a dwelling house.

Exceptions before judgment from Muskegon; Vanderwerp (John), J. Submitted October 13, 1922. (Docket No. 160.) Decided December 5, 1922. Rehearing denied March 23, 1923.

Benny Musk was convicted of violating the liquor law. Reversed.

*F. E. Wetmore,* for appellant.

*Merlin Wiley,* Attorney General, *Harry W. Jackson,* Prosecuting Attorney, and *R. Glen Dunn,* Assistant Prosecuting Attorney, for the people.

On effect of defects or omission in copy of writ or process delivered to person served, see note L. R. A. 1917C, 150.

BIRD, J.   Defendant was informed against, tried and convicted in the Muskegon circuit court for having violated the liquor laws, in that he manufactured and had in his possession a certain quantity of whisky. Carl Holland, who appears to have been an officer at Muskegon Heights, made an affidavit for a search warrant, in which he stated that certain premises known and numbered 926 Elwood avenue in Muskegon Heights were occupied by defendant as a place of public resort and not as a drug store, etc.   Upon this affidavit a search warrant was issued by a justice of the peace directing the officer to search number 926 Elwood avenue for intoxicating liquors.   The officer in whose hands the warrant was placed executed it by searching a dwelling house known and numbered 932 Elwood avenue instead of 926 Elwood avenue, and found therein a certain quantity of whisky, which it was claimed by the prosecution was in the possession of defendant as he resided at 932 Elwood avenue. After the arrest and before trial defendant made a motion to have the whisky returned because illegally seized.   This motion was denied by the trial court. Subsequently defendant's counsel objected to the admission of the whisky in evidence, but this objection was overruled.

In this court defendant raises several questions, but we think the important one is whether an officer armed with a search warrant directing him to search premises known and numbered 926 Elwood avenue could legally search premises known and numbered 932 Elwood avenue and seize liquor found therein.   It is argued on behalf of the people that the affidavit for the search warrant not only described the premises as 926 Elwood avenue, but also described them as premises occupied by the defendant, and that, inasmuch as premises 932 Elwood avenue were actually occupied by the defendant, it was merely a clerical

error and the mistake unimportant. The argument of the prosecutor that the averment that the premises were occupied by the defendant would suffice in describing the place to be searched might have some force if all dwelling houses could be searched with a search warrant. The law forbids the searching of dwelling houses unless it is shown that it is a place of public resort, etc. Act No. 53, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 7079 [30]). There was a showing made in the affidavit that number 926 Elwood avenue was a place of public resort. This showing enabled the officer to get a warrant to search it. Without this showing no search warrant could legally have been issued for that purpose. There was no showing that the dwelling house known as number 932 was a place of public resort and, therefore, it could not be legally searched even with a search warrant. The mere fact that the description was aided by alleging that defendant occupied the premises would not be sufficient to authorize a search warrant for a dwelling house.

The Constitution and legislative acts of this State prescribe as a prerequisite to the right to search one's home or possessions that the place to be searched and the thing to be searched for shall be alleged on oath. These elements have always been regarded as important and indispensable to valid process. *Bullock* v. *Ward*, 182 Mich. 448. The proceeding is a drastic one and legislation for its enforcement should be strictly construed.

In discussing the importance of the averment of the place to be searched, Ruling Case Law makes this statement:

"The constitutional requirement is a description which particularly points to a definitely ascertainable place and so as to exclude all others. The writ should not leave the place to be searched to the discretion of the officer; and the modern authorities are unani-

mous in holding that a search warrant directing an officer to search places generally is clearly illegal." 24 R. C. L. p. 713.

In *Larthet* v. *Forgay*, 2 La. Ann. 524 (46 Am. Dec. 554), the court considered the action of an officer who was directed by his warrant to search one business place, and in executing it he searched an adjoining one. As bearing upon the validity of such action, the court said, in part:

"The court below charged the jury, in substance, and, we think, correctly, that the breaking into and search of the plaintiff's shop and dwelling were not authorized by the warrant. The search should have been confined to the cabaret, or at most to the premises of Marcel. Such warrants must be construed strictly. The law regards the dwelling and the domestic repose of the citizen with too much jealousy to trust the place of execution of such process to the discretion of police officers. So important is this subject that it has been deemed worthy of express notice in the Constitution of the United States, which declares that

" 'The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated; and no warrants shall issue, but on probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'

"Amendment Constitution United States, Art. 4. This article is an affirmance of a great constitutional doctrine of the common law, and had, nevertheless, been occasionally violated by general warrants; and to prevent this abuse the solemn written prohibition was framed. A principle so indispensable to the full enjoyment of personal security and private property should be enforced in its full spirit and integrity; but it would be violated if courts should sanction such a latitude of construction as is invoked by the defendant for the warrant in question."

We are of the opinion that the action of the officer in searching number 932 Elwood avenue and seizing

liquor therein was an unjustifiable trespass and a violation of defendant's constitutional and legislative rights. The trial court was in error in admitting the whisky as evidence. For this error the judgment of conviction will be vacated and a new trial ordered.

FELLOWS, C. J., and McDONALD, SHARPE, and STEERE, JJ., concurred with BIRD, J.

CLARK, J. I concur, but the defendant should be discharged.

WIEST, J., concurred with CLARK, J. MOORE, J., did not sit.