UNITED STATES v. CHIN ON. SAME v. WONG YUEN. SAME v. CHARLIE WING.

(District Court, D. Massachusetts. March 21, 1924.)

Nos. 4857–4859.

1. **Searches and seizures ⊜⇒3—Statute providing for issuance of search warrants construed with constitutional provision requiring particularity of description.**
   Rev. St. § 3462 (Comp. St. § 6364), providing for issuance of search warrants authorizing internal revenue officers to search premises, must be construed with Const. Amend. 4, requiring search warrant to describe "particularly" the place to be searched and the persons or things to be seized.

2. **Searches and seizures ⊜⇒3—Constitutional provision requiring place to be "described particularly" construed.**
   Under Const. Amend. 4, requiring search warrant to describe "particularly" the place to be searched, the description must be such that any person familiar with the locality can by inquiry identify the premises described.

3. **Searches and seizures ⊜⇒3—Description in warrant of place to be searched held insufficient.**
   Warrant issued under Rev. St. § 3462 (Comp. St. § 6364), to search rooms on third floor of described building, stating that occupant's true name was unknown, but he was known by name given in warrant, *held* insufficient, under Const. Amend. 4, requiring warrant to describe "particularly" the place to be searched, in view of the facts that the person named did not occupy rooms in the building, and that no particular rooms were designated to be searched.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. **Searches and seizures ☞3—Search under warrant containing insufficient description held illegal.**

   Search under warrant issued under Rev. St. § 3462 (Comp. St. § 6364), in which the place to be searched was not described with the particularity required by Const. Amend. 4, held illegal.

5. **Searches and seizures ☞3—Officer may enter building without search warrant, if he has reasonable ground to believe that felony is being committed.**

   No search warrant is necessary to justify an officer in entering a building where he has reasonable ground to believe that a felony is being committed, but in such case he may break doors to get in and apprehend the felon.

6. **Searches and seizures ☞3—Arrest and seizure by officer, who entered rooms with good cause to believe felony being commited, held legal.**

   An officer, who had reasonable cause to believe that persons in certain rooms were in unlawful possession of smoking opium, and were therefore committing a felony, had a right to arrest the persons and seize the opium and smoking paraphernalia, though the warrant under which he entered was invalid, and though he supposed he was entering under the warrant, since in such case he had a right to enter without a warrant.

Chin On, alias Chin Yuen, Wong Yuen, and Charlie Wing were each indicted for felonies. On motions to quash indictments. Motions denied.

The United States Attorney.

Benjamin Dellheim, of Boston, Mass., for defendants.

MORTON, District Judge. These are motions to quash the indictments. Many grounds are set out, but those relied on are that the indictments were procured by the submission to the grand jury of evidence illegally obtained.

The facts are as follows:

The building, No. 24 Liberty street, Springfield, contains a shop on the street front; over the shop is a sort of club room frequented by Chinese; and over that a half attic where there are lodging rooms. Touching its rear end is another building, facing the alley or yard and occupied throughout as a lodging house. On the testimony before me there is no connection between the two buildings. The rear building is not numbered. Inspector Kenefick, of the Narcotic Division, while on the second floor of the rear building, smelt opium smoke. He thereupon procured from United States Commissioner Gordon a search warrant, authorizing the search of—

"a room and rooms in a certain three-story building and is numbered 24 Liberty street, said rooms being on the third floor of said building, being occupied by John Doe, alias, other and true name is unknown, known as Fook Tsue Sung, for the unlawful possession and sale of narcotic drugs."

It authorized Thomas A. Kenefick, narcotic inspector, "to forthwith enter into said building above described," etc.

Under this warrant Kenefick entered a living apartment of three rooms on the top floor of the rear building. He found there the three defendants. Two of them were smoking opium when he entered; the third was just leaving. All three were then and there arrested. A considerable quantity of opium and paraphernalia for smoking it were also discovered and seized.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1, 2] The warrant was issued under R. S. § 3462 (Comp. St. § 6364). This statute is very broad in its terms; but it is, of course, to be construed in connection with the Fourth Amendment to the United States Constitution, under which a search warrant must "particularly [describe] the place to be searched, and the person or things to be seized." Particularity of place means that any person familiar with the locality can by inquiry identify the premises which are described in the warrant.

[3] This warrant, as I construe its slipshod language, authorizes the search of a room or rooms which were on the third floor of a building numbered 24 Liberty street and were occupied by a person whose true name was unknown, but who was also known as Fook Tsue Sung. On the testimony, he was a real person who occupied the next building, No. 23 Liberty street. He did not occupy the rooms searched. If both front and rear buildings be regarded as coming within the number, 24, which was on the front one, there were several rooms on the third floors. The warrant does not specify which of these is to be searched, except by the statement as to occupancy, which was entirely erroneous and of no assistance in locating them.

[4] On these facts I find and rule that the warrant did not particularly describe the place to be searched and was on that account invalid, and the search under it was illegal. U. S. v. Alexander (D. C.) 278 Fed. 308; U. S. v. Innelli (D. C.) 286 Fed. 731.

[5, 6] Once inside the apartment, the officer found that a felony was being committed in his presence by two of the defendants; they being then and there, on the evidence before me, in the unlawful possession of smoking opium. No search warrant is necessary in order to justify an officer in entering a building where he has reasonable ground to believe that a felony is being committed. Green v. State, 92 Tex. Cr. R. 151, 241 S. W. 1014. He may break doors to get in and apprehend the felon. Commonwealth v. Phelps, 209 Mass. 396, 95 N. E. 868, Ann. Cas. 1912B, 566; 2 Ruling Case Law, p. 476. The officer appears to have believed that a continuing felony, viz. the unlawful possession of smoking opium, was being committed in the rooms which he entered, and that he should find there one or more of the guilty persons. This justified his entrance. That he supposed he was entering under the warrant, which was invalid, does not diminish his other rights. Being rightly in, it was his duty to act on what he there found; i. e., to arrest the felons and, as incidental to the arrest, to seize the instrumentalities used in the crime. People v. Woodward, 220 Mich. 511, 190 N. W. 721.

As to the man who was just leaving, the circumstances well warranted a belief that he had committed a felony or was accessory to one.

It should be observed that this case is very different in the principles of law applicable to it from those arising under the National Prohibition Act as to violations which are, by its terms, made misdemeanors only. Upon the points here involved the difference between felonies and misdemeanors has been clearly established for over two centuries. Kurtz v. Moffitt, 115 U. S. 487, 6 Sup. Ct. 148, 29 L. Ed. 458; Elk v. U. S., 177 U. S. 529, 20 Sup. Ct. 729, 44 L. Ed. 874. And it is also

different from a case of forcible entrance merely to search for evidence, whether of felony or misdemeanor, which is illegal, unless authorized by a warrant. Murby v. U. S. (C. C. A. 1st, Dec. 11, 1923) 293 Fed. 849.

It follows that the motions to quash must be denied.