## DAN MILLER et al. v. STATE.

No. A-5371. Opinion Filed April 10, 1926.
(245 Pac. 68.)

Mathers & Coakley and Thomas Norman, for plaintiffs in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J.   The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Carter county on a charge of having possession of intoxicating liquor with the intent to sell, and each sentenced to pay a fine of $500 and six months in the county jail.

The information charges the possession of wine, and the argument is made that there is no proof that wine is intoxicating.   The Constitution of this state in reference to prohibition in designating intoxicating liquor includes beer, ale, and wine.   There is nothing in the contention that, where wine is alleged and proven, its intoxicating character must also be proven.   The courts take judicial notice that these named beverages are intoxicating without proof.   Markinson v. State, 2 Okla. Cr. 323, 101 P. 353; Peretto v. State, 31 Okla. Cr. 319, 238 P. 870.

It is further contended that the court erred in admitting evidence obtained by an illegal search warrant, and that the search warrant was issued upon an insufficient affidavit made on information and belief, and that neither the affidavit nor the warrant sufficiently describe the place to be searched.   Sec. 30, Bill of Rights, in part is:

"* * * And no warrant shall issue but upon probable

cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

The affidavit for search warrant, omitting the caption and jurat, is as follows:

"J. W. Ginn, being duly sworn, says that Dan Miller, on the 31st day of August, A. D., 1924, in the county of Carter and state of Oklahoma, did then and there unlawfully have in his possession, with intent to sell or otherwise dispose of the same, in violation of law, certain intoxicating liquor, to wit, choc beer and grape wine, and the property of the said defendant, and that he, the said J. W. Ginn, suspects that the said wine property is concealed in a certain barn owned by Dan Miller.

"J. W. Ginn."

If we concede that the statement of possession is sufficient as stating a fact and not a conclusion, the location of the claimed intoxicants does not even rise to the dignity of information and belief, but states a mere suspicion; it being "the said J. W. Ginn, 'suspects' that said wine property is concealed in a certain barn." That the intoxicants are located in such barn is not averred, nor are facts offered from which the magistrate could judicially so find. The search warrant does attempt to be more definite, but there is no basis for inserting in a search warrant matters in addition and beyond those stated in the affidavit. The statute (section 7009) provides that the search warrant shall command a search of the premises described and designated. The warrant may not command the search of other or different premises than those described and designated in the affidavit. It is evident that it was the intention of framers of the Constitution and the lawmakers to limit the right of search to places and premises where a proper affidavit showing probable cause was filed, particularly describing the premises to be searched. The affidavit is not sufficient either as showing probable cause to believe intox-

icants were in the barn attempted to be designated nor in the description or location of the barn itself. The evidence obtained by said search was improperly admitted, and requires reversal.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.