## RILEY PRESTON v. STATE.

No. A-6100. Opinion Filed April 20, 1929.
(276 Pac. 784.)

For former opinion, see 40 Okla. Cr. 403, 269 P. 507.

Whiteside & Snodgrass, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Jackson county on a charge of having the unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $150 and to serve 50 days in the county jail.

The record discloses that at the time charged certain officers with a search warrant made a search of the residence of defendant.   The affidavit for search warrant was filed with a justice of the peace praying for the search of the building and outhouses located at 700 North Hightower street in the city of Altus, and setting out that defendant kept and had intoxicating liquors in said premises with the intent to sell same, and that the affiant, one Ray Tinney, on said day had bought a pint of corn whisky from defendant. A search warrant was thereupon issued authorizing the search of a building at 700 North Hightower street.

The sufficiency of the affidavit to authorize the issuance of a search warrant is challenged. Without setting out the affidavit or further stating its contents, we find the allegations of the affidavit sufficient. The only assignment which has any merit is that the premises searched and upon which defendant resided was not the premises described in the affidavit and the search warrant. It is undisputed that defendant resided at 702 North Hightower street, and that these premises were searched while the affidavit and warrant are directed to 700 North Hightower street.

Section 7012, Comp. Stat. 1921, provides: "No [search] warrant shall issue but upon probable cause supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

The general rule is that search warrants are to be strictly construed, and the authority to search is limited to the place described therein.

Chapter 6 of Cornelius on Search and Seizure discusses at length the sufficiency of the description in affidavits and in warrants of premises to be searched to comply with the constitutional and statutory requirements for a particular description. Numerous illustrations are cited in support of the general rule that the affidavit and the warrant shall particularly describe the place to be searched. In State v. Malarky, 57 Mont. 132, 187 P. 635, it is held that where premises are described as being at No. 601 of a certain street, that such description did not authorize a search at No. 603 on that street, although the premises were owned by the same individual. In United States v. Rykowski (D. C.) 267 F. 866, it was held that premises described as belonging to William Kozman, 123 Garfield street, insufficiently described premises at 123 North Garfield street. In

U. S. v. Chin On (D. C.) 297 F. 531, it was said that a warrant authorizing the search of a building at 24 Liberty street did not authorize the search of a building at No. 23 Liberty street. In People v. Musk, 221 Mich. 578, 192 N. W. 485, it was held that a warrant to search premises at 926 Elwood avenue is no authority to search premises at 932 Elwood avenue.

In Miller et al. v. State, 34 Okla. Cr. 103, 245 P. 68, it was said:

"It is evident that it was the intention of framers of the Constitution and the lawmakers to limit the right of search to places and premises where a proper affidavit showing probable cause was filed, particularly describing the premises to be searched."

There are other decisions from this state applying the statute that there must be a particular description of the place to be searched. Cummings v. State, 32 Okla. Cr. 274, 240 P. 1078; Wiese v. State, 32 Okla. Cr. 203, 240 P. 1075; Emmons v. State, 33 Okla. Cr. 40, 241 P. 1107; Myer v. State, 34 Okla. Cr. 421, 246 P. 1105; Brandt v. State, 34 Okla. Cr. 400, 246 P. 1106.

The search warrant authorizing a search of a building at 700 North Hightower street was not authority for the search of a building at 702 North Hightower street; such search was unauthorized, and evidence obtained thereby, upon timely objection, should have been excluded.

The case is reversed and remanded.

DAVENPORT and CHAPPELL, JJ., concur.