SCOTT STEWART v. STATE.

No. A-8138.   Nov. 6, 1931.
(5 Pac. [2d] 173.)

I. C. Sprague, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of McCurtain county of the crime of grand larceny, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of six months.

The evidence of the state was that on or about the 15th day of August, 1929, one Baker lost a saddle which had cost him about $100; that a search of defendant's premises resulted in finding the saddle in his possession; that the saddle was taken without the knowledge or consent of Baker; that when defendant was arrested he stated that if Baker would agree to swear that the saddle was not worth more than $15, he would pay a fine and pay him $100 for the saddle.

When the case was called for trial, defendant dictated into the record a motion to quash the panel because the jury commissioners in July, 1930, failed to make any additional list of jurors, and also filed a verified motion for a continuance, setting up the absence of his leading counsel and the absence and illness of his mother, whom he desired to use as a witness.   Both of these motions were denied by the court.   These contentions of defendant were discussed fully in the opinion in No. 8139, Stewart v. State, 52 Okla. 293, 5 Pac. (2d) 174, and there decided adversely to him.   The charge of larceny in this case did not arise out of the charge of burglary in No. 8139, but the questions of law above stated are raised in both cases.

Defendant then filed an unverified motion to suppress the testimony of the witnesses Joe Baker, J. F. Romine, Peter Noah, and Frank Holliday, because the evidence was

obtained by the unlawful search and seizure of the saddle.

While the motion was insufficient to require the court to hear any evidence in support of the same, it did hear it. Defendant offered a transcript of the proceedings of the examining magistrate at the preliminary hearing. The examining magistrate was not required to file either the affidavit for the search warrant or the search warrant itself, as they were not a part of the proceedings at the preliminary examination. The magistrate who issued the search warrant was not called as a witness, and there is nothing in the record to show either by him or anybody else that the search warrant introduced in support of the motion was not supported by proper affidavit.

The presumption of law is that the affidavit was sufficient and the search and seizure lawful. The burden is on the defendant to show to the contrary.

In Ford v. State, 45 Okla. Cr. 161, 282 Pac. 370, in the body of the opinion, this court discussed the proper procedure for a defendant to take to suppress the evidence, and there, among other things, said:

"The burden rests upon the defendant, where he attacks the sufficiency of the affidavit for the search warrant, to exhibit the same to the court in support of his objections, and the court upon an examination of the affidavit and the warrant must summarily determine the sufficiency of the affidavit and the warrant and the admissibility of the evidence. The presumption of law is that the affidavit and the warrant are sufficient and the search and seizure legal. If the defendant desires to attack the affidavit or the warrant he should subpoena the magistrate issuing the same to appear and produce the affidavit and warrant upon which the search was made."

Defendant having failed to introduce the affidavit, there was nothing before the trial court upon which he

could determine its sufficiency. It was not error, therefore, to overrule defendant's motion to suppress the evidence.

An examination of the record discloses that the defendant had a fair trial and that the evidence supports the verdict of the jury. The case is therefore affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.