C. L. SCOGIN v. STATE.

No. A-9179.   May 14, 1937
(68 Pac. [2d] 111.)

Morrill & Snodgrass, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, for convenience referred to as the defendant, was by information charged with the crime of furnishing intoxicating liquor; was tried, convicted, and sentenced to pay a fine of $300, and to be confined in the county jail for a period of 90 days.

It is not necessary for the court to consider the evidence as to whether or not the defendant had possession of liquor, but it is alleged in the information that he did have; for the reason that the officers in executing the search warrant did not search the property described in the search warrant. This is the only question presented by the defendant.

The defendant alleges two assignments of error, which are:

"1. That the court erred in overruling defendant's motion to suppress the evidence in this cause.

"2. That the court erred in overruling defendant's demurrer to the evidence."

The motion to suppress, and the demurrer to the evidence is based upon the proof presented that the description in the search warrant is as follows:

"Certain buildings, dugouts, and outhouses situated or described as follows: Residence and all outhouses thereto belonging located at 1104 North Grain street, within the city of Altus, Okla."

The proof of the defendant, on his motion to suppress, shows that the officers did not search 1104 North Grain street, as described in the search warrant, but did search the defendant's residence located at 1108 North Grain street, in the city of Altus, Okla., being a separate and distinct location and piece of property to that described in the search warrant.

Section 7012, C. O. S. 1921, now section 2638, O. S. 1931 (37 Okla. St. Ann. § 87), reads as follows:

"No search warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

In Preston v. State, 42 Okla. Cr. 372, 276 Pac. 784, this court had this question before it, and in the second paragraph of the syllabus stated:

"A search warrant authorizing the search of a building at 700 North Hightower street is not authority for the search of a building at 702 North Hightower street."

In U. S. v. Rykowski (D. C.) 267 F. 866, it was held that premises described as belonging to William Kozman, 123 Garfield street, insufficiently described premises at 123 North Garfield street.

In U. S. v. Chin On (D. C.) 297 F. 531, it is stated that a warrant authorizing the search of a building at 24 Liberty street did not authorize the search of a building at No. 23 Liberty street.

The general rule is that search warants are to be strictly construed and the authority to search is limited to the place described therein.

In People v. Musk, 221 Mich. 578, 192 N. W. 485, it was held that a warrant to search the premises at 926 Elwood avenue is not authority to search premises at 932 Elwood avenue.

In Miller et al. v. State, 34 Okla. Cr. 103, 245 Pac. 68, 69, it is said:

"It is evident that it was the intention of framers of the Constitution and the lawmakers to limit the right of search to places and premises where a proper affidavit showing probable cause was filed, particularly describing the premises to be searched."

There are many other decisions from this state applying the statute and holding there must be a particular description of the place to be searched.

It is not deemed necessary to extend this opinion further. The search warrant in this case authorized the searching of the buildings at 1104 North Grain street, but did not authorize the search at 1108 North Grain. The search was not authorized, and the evidence obtained thereby on timely objection should be excluded. The case is reversed and remanded.

DOYLE and BAREFOOT, JJ., concur.