## RAY OTT v. STATE.

No. A-9502. Jan. 6. 1939.

(86 P. 2d 341.)

318

C. D. Roseman, of Enid, and Charles Swindall, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J. The defendant, Ray Ott, was by information charged in the district court of Garfield county, with a violation of the prohibitory liquor laws of the state of Oklahoma, again and for the third time; was tried, convicted and sentenced to serve a term of two years in the state penitentiary, at McAlester, and to pay a fine of $500 and cost. Motion for new trial was filed, considered, overruled and defendant appeals.

The defendant alleges eight errors committed by the trial court. After an examination of the record it is only

deemed necessary to consider the defendant's first assignment of error, which is as follows:

"That the court erred in overruling defendant's motion to suppress the evidence in said cause; to which order and ruling of the court, the defendant at the time excepted and saved an exception."

The affidavit for the search warrant in part is as follows:

"That malt, spirituous, vinous and fermented liquors are being unlawfully kept for sale and are being sold in the building located at 218½ West Broadway street, city of Enid, in Garfield county, Okla., and known as occupants unknown and is being used as a place for storage for such liquors and is a public resort maintained for the illegal sale and distribution of such liquors."

It will be seen the affidavit upon which the search warrant seems to be predicated stated the place to be searched is a building located at 218½ West Broadway street, in the city of Enid, Garfield county, Okla., and known as occupants unknown.

When the search warrant was issued based upon this affidavit, it in part states:

"I find from the affidavit filed and from the evidence of witnesses sworn and examined that there is probable cause to believe that malt, spirituous and vinous liquors are kept for sale and unlawfully sold in a building located at 219½ West Broadway street, city of Enid, and known as occupants unknown, in Garfield county, Okla."

Section 7012, C. O. S. 1921, now 2638, O. S. 1931, 37 Okla. St. Ann. § 87, reads as follows:

"No search warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

In Preston v. State, 42 Okla. Cr. 372, 276 P. 784, this court had this question before it, and in the second paragraph of the syllabus stated:

"A search warrant authorizing the search of a building at 700 North Hightower street is not authority for the search of a building at 702 North Hightower street."

In United States v. Rykowski, D. C., 267 F. 866, it was held that premises described as belonging to William Kozman, 123 Garfield street, insufficiently described premises at 123 North Garfield street.

In United States v. Chin On, D. C., 297 F. 531, it is held that a warrant authorizing a search of a building at 24 Liberty street, did not authorize the search of a building at 23 Liberty street.

In Miller et al. v. State, 34 Okla. Cr. 103, 245 P. 68, 69, in the body of the opinion the court stated:

"It is evident that it was the intention of framers of the Constitution and the lawmakers to limit the right of search to places and premises where a proper affidavit showing probable cause was filed, particularly describing the premises to be searched." People v. Musk, 221 Mich. 578, 192 N. W. 485; Scogin v. State, 61 Okla. Cr. 348, 68 P. 2d 111.

In Leary v. State, 61 Okla. Cr. 298, 67 P. 2d 972, in the fourth paragraph of the syllabus the court said:

"Where a conviction is based solely on evidence obtained by an unauthorized search and seizure, admitted over timely objection and exception, the judgment will be reversed."

There are many other decisions from this state construing the statute, and holding there must be a particular description of the place to be searched. It is not deemed necessary to extend this opinion further.

The search warrant in this case authorized the searching of a building at 219½ West Broadway street, Enid,

Okla. The affidavit filed to obtain the search warrant described the building as located at 218½ West Broadway street, Enid, Okla. It is not disputed that 218½ was on the opposite side of the street from 219½. The search warrant in this case was issued without authority of law and not supported by an affidavit as required by the statute.

The motion of the defendant to suppress the evidence was well taken and should have been sustained by the trial court. For the reasons herein stated the case is reversed.

DOYLE and BAREFOOT, JJ., concur.