## BILL BYBEE v. STATE.

No. A-9454. April 28, 1939.
(90 P. 2d 38.)

Joe Adwon and J. L. Gowdy, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, J. Bill Bybee, the defendant in the trial court was by information charged with the possession of intoxicating liquor, was tried, convicted, and sentenced to pay a fine of $100, and to be imprisoned in the county jail for 60 days, and pay the costs, and has appealed.

Before the case was called for trial, the defendant, Bill Bybee, by his attorney, filed a motion to suppress the evidence secured by the search warrant for the reasons:

(1) That the application and affidavit for the search warrant and seizure was based on information and belief, and not positive facts.

(2) The description of the property is ambiguous, wrong, uncertain and indefinite, and could not be ascertained without violating the statutes and Constitution of the state.

Testimony was taken in support of the motion to suppress the evidence, and discloses the fact that the affidavit for the search warrant is a John Doe affidavit, and charges the defendant with the possession of intoxicating liquor on the lower floor of a brick building, located at 325 West Reno street, Oklahoma City, Oklahoma, known as the Belmont Cafe. On this affidavit a search warrant was issued which charges John Doe, whose full, true, and correct name is unknown, with the possession of intoxicating liquors at 325 West Reno street, Oklahoma City, Oklahoma, known as the Belmont Cafe.

The proof in support of the motion to suppress shows that the building searched was not located at 325 West Reno street, but was located at 323 West Reno street, a separate and different number to the number of the street alleged in the affidavit for the search warrant and the search warrant.

The motion to suppress was overruled, and the defendant reserved an objection.

The affidavit, after giving the number of the street where the building that was to be searched was located, also stated the place to be searched was known as the Belmont Cafe, shown in the search warrant and the affidavit. The testimony clearly shows that the number of the street given in the affidavit for the search warrant and the search warrant was not the correct number; but the testimony further shows that both the officers who went to the building to search it were familiar with the building and knew where the Belmont Cafe was located. And when they went to make the search, they found the defendant in the building known as the Belmont Cafe, notwithstanding an error was made in the number of the street on which the Belmont Cafe was located.

The testimony on the motion to suppress conclusively shows that the defendant was in the Belmont Cafe, and it was the Belmont Cafe building that the officers searched. It is also shown that the officers knew, without being given the street number of the house, where the Belmont Cafe was located, where the affidavit for the search warrant and the search warrant mentioned the number of the street, and also stated that it was the Belmont Cafe. The circumstances and error in giving the correct number of the street where the Belmont Cafe is mentioned in the search warrant and affidavit would be wholly immaterial. Had not the Belmont Cafe been mentioned in the affidavit and search warrant, the error in the street number would have been a fatal error, and this court would have held the court erred in overruling the motion to suppress.

The court did not err in overruling the motion of the defendant to suppress the evidence.

All the testimony shows that, in making the search, the officers found eight pints of whisky.

The defendant's defense is that he had just gone to work in the building known as the Belmont Cafe; that he knew nothing about the whisky being there, and had no

interest in it, and was only temporarily working there at the time the search was made.

Up until this time, it seems from the record, this defendant had borne a good reputation, and it is shown by the evidence of the officers making the search that they had never had him charged with any crime prior to this time.

The quantity of whisky found in the Belmont Cafe building was small. It is evident that the defendant is not in the whisky business generally from the quantity of whisky found.

After carefully examining the testimony in this case and the previous good reputation the defendant has borne, it is clear to this court that the punishment was excessive and should be modified from a $100 fine and 60 days in jail, to a fine of $50 and 30 days in jail.

As modified, the judgment is affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.