## STATE v. BILL BYBEE.

No. A-9455.  May 26, 1939.
(90 P. 2d 1077.)

Lewis R. Morris, Co. Atty., and Phil E. Daugherty, Asst. Co. Atty., both of Oklahoma City, for the State.

Joe Adwon and James L. Gowdy, both of Oklahoma City, for defendant in error.

DAVENPORT, J. This is an appeal by the state from the ruling of the trial court, sustaining a motion to suppress the evidence on the ground of an insufficient description in the affidavit and search warrant.

The state insists that the court erred in sustaining the motion to dismiss for the reasons:

First, that said trial court erred as a matter of law in sustaining the motion of the defendant in said cause to suppress the evidence in behalf of the plaintiff.

Second, that said trial court erred in holding that the search warrant, and the affidavit upon which said search warrant was based, and which were offered in evidence by the plaintiff in said cause, were insufficient, by reason of defective description of the premises to be searched.

Third, that said trial court erred as a matter of law in dismissing the action of plaintiff in error in said court based upon the erroneous findings of fact and conclusions of law, as shown by the case-made hereto attached and made a part hereof.

There is very little controversy between the state and the defendant in this case. The state in the affidavit for the search warrant and search warrant called for the searching of a brick building located at 323 West Reno street, Oklahoma City, Okla., and the proof shows that the officers searched a building at 325 West Reno street, Oklahoma City, Okla. The court held that under the proof in support of the motion to suppress, the search was improper, illegal, and was an unlawful seizure, and that any seizure under the search warrant was an unlawful seizure for the reason the warrant did not describe the building the officers searched.

The state and the defendant have briefed the case, and the state has at length discussed the question of the proximity of the number given in the warrant to search, and the number that was actually searched by the officers.

It is not difficult to understand the error in this case for the reason that in Bybee v. State, 66 Okla. Cr. 105, 90 P. 2d 38, this court held the search in that case was sufficient for the reason that it not only attempted to give the number of the building, but stated specifically that it was the building occupied by the Belmont Cafe.

The state, to sustain its position that the affidavit and warrant in this case is sufficient, relies upon Stewart v. State, 52 Okla. Cr. 298, 5 P. 2d 173, 174, wherein this court stated:

"The presumption of law is that the affidavit was sufficient and the search and seizure lawful. The burden is on the defendant to show to the contrary."

The state insists that the same rule was again followed in Holland v. State, 58 Okla. Cr. 404, 54 P. 2d 216.

The defendant, to sustain his contention, relies upon Scogin v. State, 61 Okla. Cr. 348, 68 P. 2d 111; Preston v. State, 42 Okla. Cr. 372, 276 P. 784; Bybee v. State, 66 Okla. Cr. 105, 90 P. 2d 38.

It is needless to extend this opinion further except to say that the trial court had the facts in support of the motion to suppress before it. The search warrant and the evidence introduced in support of the same clearly show that the officers did not search the building described in the search warrant, that the search was unlawful, and any evidence secured by the officers in making the unlawful search was an unlawful seizure.

Upon the record before it, the trial court was amply justified in sustaining the motion to suppress. There being no error in the record, the judgment of the trial court is affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.