Charles E. JONES, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant In Error.

No. A–11974.

Criminal Court of Appeals of Oklahoma.

Oct. 20, 1954.

**1000**

Harold McArthur, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

Charles E. Jones was charged by information filed in the Court of Common Pleas of Tulsa County with unlawful possession of intoxicating liquor. Prior to trial, counsel for defendant filed a motion to suppress on the ground that the evidence, including seized intoxicating liquor, was obtained by means of an unlawful search and seizure in violation of the constitutional rights of the defendant.

The trial court, after hearing evidence produced in support of the motion to suppress, overruled the same, the defendant thereupon waived trial by jury and evidence was introduced by the State which disclosed that the search in question produced a quantity of intoxicating liquor found in the home of the defendant under circumstances to be hereinafter set out.

At the conclusion of the trial the court entered judgment finding the defendant guilty as charged and assessed punishment at a fine of $50 and costs, and thirty days confinement in the Tulsa County jail. Appeal has been duly perfected to this Court.

While three specifications of error are urged, the assignment "Error in overruling the motion to suppress the evidence" will determine this appeal.

The defendant in support of his motion to suppress introduced the search warrant involved. It commanded the search of the following premises:

"A certain one-story frame house (building) located at 1230½ E. Admiral, a street in the city of Tulsa, Oklahoma, Tulsa County, Oklahoma, together with the curtilege thereof, and the appurtenances thereunto belonging."

Bobby Jo Carter, an employee in the engineering department of the city of Tulsa, testified that she had worked in that department for ten years; that she had checked the plat records on Lot 4, Block 13, Berry Addition, city of Tulsa, and the official house numbering atlas. She testified that before a building may be erected the engineering department assigns a number. She further testified that the house shown to have been occupied by the defendant on Lot 4, Block 13, Berry Addition, had been assigned by the Tulsa Engineering Department the number "1230 (Rear)" and certificate No. 17941 issued by the Tulsa

Engineering Department so showing, was received in evidence.

Witness testified that "1230½" would be the designation of an upstairs number. That the number "1230" would designate a building on the front of the lot, if one was there.

Witness stated that the utilities, such as gas, water and lights, would be billed to the number designated by the City Engineering Department.

The defendant, Charles E. Jones, testified that on the date of the search in question he was in possession of a portion of Lot 4, Block 13, Berry Addition, City of Tulsa, Oklahoma, and occupied a home on the back portion of said lot, being a white one-story frame building; · that there was also a white one-story frame building located on the front of the lot over which he had no control; that a restaurant man leased the front house and that he leased the rear house; that the front house did not actually have a number painted on it. He produced public utility bills addressed to him at 1230 East Admiral, with the word "Rear" endorsed in parenthesis following the street name.

Witness stated that at a time of the search he was across the street; that some officers drove up to his house, which contained two rooms and a bath; that the blinds to one room, used as an office, were down, those of the bedroom up; that they had posted a search warrant on the wall; apparently one search had already been made; that when he came up the officers asked him if he lived there, and they proceeded to again search his place. They had already found the whiskey in question. They found, on the second search, a quantity of whiskey in defendant's car, which is not involved in the within case. Defendant was placed under arrest.

The evidence further developed that the lot in question had been a used car lot and the building then occupied by the defendant and located on the rear of the lot had been the office for the car lot and the building on the front of the lot had been used as a restaurant. Both buildings were small one-story white frame type. The evidence is not clear that the front building was presently being used as a restaurant, though it was leased to a "restaurant man".

■■■■ Was the description in the search warrant sufficient under the facts stated? We think not. There were two houses on the lot of similar structure. Nothing in the description in the warrant designated the place to be searched as a "residence". The warrant called for "1230½" while the number actually on the building was "1230" which should have at once put the officers on notice that there was a discrepancy. If the place had been further described as a residence, and that being the only residence on the lot at 1230 East Admiral, a different question would have been presented. See Bybee v. State, 66 Okl.Cr. 105, 90 P.2d 38.

But here the place to be searched was a one-story frame house (building). There were two such houses at 1230 East Admiral, one on the front of the lot, and one on the rear. The number "1230½" was insufficient to designate the house on the rear of the lot, particularly when it bore the number "1230". We think it not too violent a presumption to say that officers of a city are presumed to be familiar with the house numbering system employed by the county seat of the county for which they work. At all events, inquiry at the engineering department of the city of Tulsa prior to filing the affidavit for the search warrant would have avoided the giving of an incorrect number for the house desired to be searched. The designation "1230 E. Admiral, Rear" would have been the proper description, or the lot and block number with designation "white one-story frame house on rear of lot 4, block 13, Berry Addition, City of Tulsa, and used as an office and residence." The right of the people to be free from the ordeal of unlawful search and seizure is too important a right and too fundamental to jeopardize it by the approval of a rule that would allow a search as disclosed by the within record.

The motion to suppress should have been sustained. The case is therefore reversed and remanded, with directions to dismiss.

JONES and BRETT, JJ., concur.