Jack McCORMICK, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13362.

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1964.

Hal Welch, Hugo, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

JOHNSON, Presiding Judge.

Jack McCormick, hereinafter referred to as the defendant, was convicted in the county court of Choctaw County on a charge of unlawful possession of intoxicating liquor, to-wit: 11 half-gallons of wildcat whiskey, and sentenced to pay a fine of $500 and serve thirty days in the county jail.

While three specifications of error are argued, the sole question necessary to consider in the disposition of this appeal is whether the trial court erred in overruling the timely motion of the defendant to suppress the evidence of the State.

The defendant in support of his motion to suppress introduced the affidavit for and the search warrant involved. The warrant commands the search of "a small dwelling, used as a place of public resort and a store building, known as Shady Nook, located about 6 miles east of Ft. Towson, Choctaw County, Oklahoma, on a part of the SE¼ of Sec. 26–6–20, and on Highway 70; operated by Jack and Sis McCormick", etc.

The defendant testified on the hearing on the motion to suppress, and stated that on the date of the execution of the search warrant he lived on the southeast quarter of section 23, township 6 south, range 20 east, in said county. That at the time the search warrant was served there was no name or sign on the small building, and that the name "Shady Nook" had not been thereon for about two years.

The evidence developed that on November 11, 1959 a beer license was issued to Velma "Sis" McCormick, the wife of the defendant, to operate a place of business known as "Shady Nook six miles east of Ft. Towson, on a part of the SE¼ of Sec. 23, Twp. 6 S., R.20 E., in Choctaw County." That on November 7, 1960 a beverage license was denied to Velma "Sis" McCormick to operate the Shady Nook, located 6 miles east of Ft. Towson on a part of the SE¼ Sec. 23–6S–20E.

On December 28, 1960 a beverage license was issued to "Melvin Deaton, dba Melvin's Place, 3½ Miles E. of Ft. Towson, Sec. 23–6S, R20E, containing 2 acres", and on February 28, 1962 Melvin Deaton's beverage license was revoked. The sign "Melvin's Place" was on the small building during the time that his license was in force, and was removed after the license was revoked.

The trial court overruled the motion of the defendant to suppress, and permitted the case to go to trial, with the above mentioned result.

Tit. 37 O.S.A. § 87 provides:

"No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

Tit. 22 O.S.A. § 1223 reads:

"A search warrant shall not be issued except upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and the place to be searched."

And Art. II, § 30 of the Oklahoma Constitution provides in part:

"* * * and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

 These sections refer to the issuing of search warrants. The general rule is that search warrants are to be strictly construed and the place to be searched is limited to the place described therein.

The proof herein shows conclusively that the description of the property in the application for search warrant, and the search warrant, was not the description of the property searched by the officers. The defendant occupied a part of the southeast quarter of section 23, township 6 south, range 20 east, and that was the property searched, while the property described in the affidavit for search warrant, and in the warrant itself was "a part of the southeast quarter of section 26, township 6 south, range 20 east."

This Court has time and again held that the search warrant must so particularly describe the place to be searched that the officer can find the place without the aid of any other information save that contained in the warrant. Burns v. State, 92 Okl.Cr. 24, 220 P.2d 473; State v. Bybee, 66 Okl. Cr. 234, 90 P.2d 1077; King v. State, 92 Okl.Cr. 267, 222 P.2d 771; Sanders v. State, Okl.Cr., 370 P.2d 573.

In State v. Bybee, supra, the Court said: "A search warrant authorizing the search of a building at 323 West Reno Street is not authority for the search of a building at 325 West Reno Street."

And in Scogin v. State, 61 Okl.Cr. 348, 68 P.2d 111, cited by the defendant, this Court held that a search warrant authorizing the search of a building at 1104 North Grain Street was not authority for the search of a building at 1108 North Grain Street.

In Preston v. State, 42 Okl.Cr. 372, 276 P. 784, the Court held that a search warrant authorizing the search of a building at 700 North Hightower Street, was not authority for the search of a building at 702 North Hightower Street.

The description of the premises in the case at bar described a quarter section of land one mile north of that actually searched, and in nowise complies with the requirements of the statutes or the Constitution.

There are other errors assigned by defendant which possess merit, but in the view we take of this record, it is not necessary to consider them.

The motion of the defendant to suppress the evidence of the State before he went to trial was well taken, and his objections to the admission of the evidence at the time it was offered during the trial should have been sustained.

The judgment and sentence of the trial court is reversed.

NIX and BUSSEY, JJ., concur.