**David ANDERSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–719.**

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1983.

---

Mark Barrett, Asst. Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., State of Okl., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

David Anderson was convicted of Cultivation of Marijuana, pursuant to 63 O.S.1981, § 2–509, in LeFlore County District Court, Case No. CRF–78–172. He was sentenced to two years' imprisonment and a five hundred dollar ($500) fine.

After receiving certain information, Deputy Sheriff Steve Hensley went to Dr. E.M. Woodson's home in Poteau, Oklahoma, and observed marijuana growing in a garden near the rent house at the rear of the property. Based on his observation he obtained a search warrant. The search of the garden, house and shed produced forty-seven (47) marijuana plants, several bags of marijuana and various paraphernalia. The appellant, the resident of the rent house, was arrested two days later.

Numerous errors involving the search warrant and evidence obtained as a result of the search are raised on appeal. After a thorough review of all issues raised, we agree that the appellant has shown sufficient error to merit a reversal of his judgment and sentence. Only those issues on which our reversal is based will be discussed.

The appellant first asserts that his motion to suppress all the evidence obtained as a result of the search should have been granted. Specifically, he argues that the warrant did not describe with particularity the place to be searched as required by the Oklahoma Constitution Article II, § 30 and 22 O.S.1981, § 1223. The search warrant described the property to be searched as:

Lot 34 Townsite 3 in the City of Poteau, LeFlore County, Oklahoma, together with a single story white frame house belonging to Dr. Woodson and occupied by David Anderson said house having a small fenced garden on the east side of said house. Said residence being further described as the small house to the south west of a large red brick multiple storied house belonging to Dr. Woodson and located on said lot also. Said house being located on the large hill directly west of the LeFlore County Courthouse and south west of the Poteau water tower located on said hill at the intersection of Paul Mathis Drive and Beard Street.

The property actually searched was Lot 3, Block 147, which was directly east and contiguous to the property described in the search warrant. Dr. Woodson owned both pieces of property. The single story house described in the search warrant as being white frame was actually chocolate brown brickette, and the large red brick multiple storied house described as being located on the large hill directly west of the LeFlore County Courthouse and southwest of the Poteau water tower was actually south of the water tower. There are eight or ten houses south of the water tower, "hardly any" houses southwest of the water tower.

■ The general rule is often quoted by this Court:

> ... that the search warrant must so particularly describe the place to be searched that the officer can find the place without the aid of any other information save that contained in the warrant. *McCormick v. State*, 388 P.2d 873 (Okl.Cr.1964).

Deputy Sheriff Hensley initially observed the appellant's garden because he had received some information that marijuana was growing there. He then returned to the courthouse and reported it to the District Attorney's office in order to obtain a search warrant. He returned to the property with the warrant to obtain the evidence on which this conviction is based. There is no doubt in our minds that Officer Hensley knew which property he was referring to when he erroneously described it in the affidavit for search warrant. However, the search warrant was addressed to "Any Sheriff, Policeman or Law Officer in the County of LeFlore." We do not believe a sheriff, policeman or law officer would have been able to find the Anderson garden by relying strictly on the description in the search warrant. The test as stated in *McCormick, supra*, was not met and the search warrant was not sufficient. As this writer stated in *Nottingham v. State*, 505 P.2d 1345 at 1348 (Okl.Cr.1973), Brett dissenting:

> In my opinion loose interpretation of this constitutional provision may well be the initial erosion of other long-standing constitutional requirements. If this exception may be allowed, then why not another, and another, until finally the requirements for a search warrant become baseless.

■ We also find error in the officer's search of the house rented by David Anderson and the subsequent admission of the evidence resulting from that search. The affidavit for search warrant stated:

> That affiant is a deputy sheriff of LeFlore County, Oklahoma. That on the 23rd day of August, 1978, affiant was informed by Raymond Kirkland, the Sheriff of LeFlore County, that a suspicious green leafy substance had been observed by the Sheriff in the garden of above described premises. That Sheriff Kirkland had observed said plants while visiting the house next door to the above described premises. That Sheriff Kirkland felt the plants might be marihuana and for affiant to check the plants from the vantage point of the neighbors yard and determine whether they were marihuana plants. That on the afternoon of the 22nd day of August, 1978, affiant drove to the property adjoining neighbors house he observed 20–25 green leafy plants growing in the garden of said residence. That affiant approached to within 60 feet of the garden fence and observed these plants clearly. That affiant is familiar with the physical characteristics of marihuana. That affiant has ob-

served marihuana on approximately 90 occasions in his official capacity as deputy sheriff and based on his observation of the physical characteristics of aforesaid 20–25 plants and on his experience in identifying marihuana is of the opinion that said plants observed in the above described garden are indeed marihuana.

From his observation, the affiant, Steve Hensley had probable cause to believe that "green leafy plants approximately three feet high having unique leaf patterns associated with marijuana plants" were present in the appellant's garden and constituted evidence of the commission of a crime. The search warrant subsequently obtained on the basis of this affidavit authorized any policeman, sheriff or law officer in LeFlore County to search the house rented by David Anderson as well as the adjoining garden for "green leafy plants approximately three feet high." Inasmuch as the affidavit totally fails to show any probability that the green leafy plants were concealed in the appellant's house we conclude that error occurred in the search warrant's authorization to search the appellant's house. *Sanders v. State,* 610 P.2d 247 (Okl.Cr.1980).

■ Also, the evidence obtained from the illegally authorized search of the appellant's house and unauthorized search of the outbuilding did not legally relate to the crime for which he was convicted, cultivation of marijuana. This evidence included seven baggies of marijuana found under some leaves in a bucket located in an outbuilding, seeds, another baggie of marijuana, paraphernalia, a corncob pipe, a rag tied in the window that had some dried marijuana in it, a plastic jug with a hole in the side and top, and a scale with a roach top pinned to it, all found inside the appellant's house. Officer Hensley even admitted during cross-examination that none of these items had anything to do with cultivation of marijuana.

Early in the trial, the court stated in the course of overruling the appellant's motion to suppress the evidence obtained during the search of the house:

[The court admonishes the State again that I do not believe that the warrant was sufficient to allow you to cross the threshhold of that house because there wasn't probable cause to go to the house, only the yard, and if you intend to use any evidence outside the house or in any outbuildings that were not within their clear view when they found the plants, then we need to take that up now whether or not.

MR. KNIGHT: No, sir, I have no intention of doing that.

Nevertheless, these items were later introduced and constituted possible evidence of another crime, possession of marijuana. Because their admission was highly prejudicial to the appellant, the trial court should not have allowed these items to be admitted into evidence. *Oliver v. State,* 598 P.2d 266 (Okl.Cr.1979); *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979).

For the above stated reasons we reverse and remand this cause for further proceedings not inconsistent with this opinion.

BUSSEY, P.J., and CORNISH, J., concur.