**Terry Lawrence HARVEY, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–83–251.**

Court of Criminal Appeals of Oklahoma.

Feb. 13, 1984.

---

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen. of Okl., Hugh A. Manning, Asst. Atty. Gen., Jean M. LeBlanc, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Terry Lawrence Harvey, the appellant, was convicted in the District Court of Tulsa County, Case No. CRF–81–4335, of Possession of Marijuana with Intent to Distribute, was sentenced to four (4) years' imprisonment, and he appeals.

After receiving certain information, City of Tulsa Police Officer Gerald Issacs assisted a confidential informant in purchasing marijuana from the appellant at the appellant's home. Based on his observation of the purchase, a "controlled buy," Officer Issacs obtained a search warrant, which he, two Tulsa county deputy sheriffs, and other City of Tulsa policemen executed. The search of the appellant's home produced two pounds of marijuana and related drug paraphernalia.

The appellant asserts on appeal that his pre-trial motion to suppress all the evidence should have been granted by the trial court. Specifically, he argues that the warrant did not describe with particularity the place to be searched as required by Okla. Const. art. II, § 30, and 22 O.S.1981, § 1223. The warrant described the property to be searched as:

A single family, single story residence located in the 1000 block of East 56th Street North. The residence is composed of white colored wood with brown wood trim. The roof of the residence is light in color. The front of the residence faces East. There is a concrete front porch leading to the front door of the residence. This structure is the first structure north of 1005(A) East 56th Street North which is the third structure west of North Peoria Ave. on the north side of East 56th Street north. No numbers were visible on the residence however this residence is more commonly known as 1005(B) East 56th Street North which is in Tulsa County, State of Oklahoma.

The test used in determining if a search warrant adequately describes the place to be searched is that the warrant "must so particularly describe the place to be searched that the officer can find the place without the aid of any other information save that contained in the warrant." *McCormick v. State*, 388 P.2d 873 (Okl.Cr. 1964).

At the hearing on the appellant's motion to suppress, defense counsel introduced

into evidence several photographs, one of which indicated that the houses near the appellant's home were white colored, single family, single story residences, the other showing that the appellant's home had, in fact, black wood trim and a dark colored roof. More importantly, defense counsel also introduced a hand drawn map, which Officer Issacs testified accurately reflected the appellant's neighborhood.

The map shows that if one follows the directions contained in the search warrant, first, that directly north of "the third structure west of North Peoria Ave. on the north side of East 56th Street North," lies an empty field. Second, that "the first structure north of 1005(A) East 56th Street North is "a white colored, single family residence with brown wood trim;" however, this is not the appellant's home, and it was not searched under the warrant. Finally, the map shows that the appellant's residence is actually the first structure north of 1005(C), East 56th Street North, which is the fifth structure west of North Peoria Avenue.

We find, and therefore do hold, that the test as stated in *McCormick*, supra, was not met, and consequently, that the trial court erred in denying the appellant's motion to suppress. See, *Anderson v. State*, 657 P.2d 659 (Okl.Cr.1983). Accordingly, the judgment and sentence appealed from is REVERSED and REMANDED to the district court for further proceedings not inconsistent with this opinion.

CORNISH and BRETT, JJ., concur.