COMMONWEALTH vs. MICHAEL P. ALLARD.

No. 93-P-1499.

Berkshire. October 13, 1994. - November 23, 1994.

Present: DREBEN, PORADA, & IRELAND, JJ.

*Controlled Substances. Probable Cause. Constitutional Law*, Search and
seizure, Probable cause. *Search and Seizure,* Probable cause.

A police officer's personal observation of marihuana plants growing in a
garden on property of the defendant, along with the officer's knowledge
that the defendant had been convicted of four controlled substance vio-
lations, was sufficient to establish probable cause for the issuance of a
warrant to search a house and shed on the property for materials re-
lated to marihuana cultivation and distribution. [676-678]

COMPLAINT received and sworn to in the Pittsfield Division
of the District Court Department on October 2, 1991.

On appeal to the jury session of the Central Berkshire Di-
vision, a motion to suppress evidence was heard by *Rita S.
Koenigs*, J., and the case was heard by *Anthony J. Ruberto,
Jr.*, J.

*Robert J. Carnes* for the defendant.

*Eric Neyman*, Assistant District Attorney, for the
Commonwealth.

DREBEN, J. Appealing from his convictions of manufactur-
ing a Class D controlled substance and possessing a Class D
controlled substance, the defendant challenges on Federal
and State constitutional grounds the sufficiency of the affida-
vit in support of a search warrant for his single-family house
and shed. He claims error in the denial of his motion to sup-
press evidence obtained on the execution of the warrant.

The affidavit contained the following information. Based
on statements of a concerned citizen that the defendant
might be growing marihuana on his property, the affiant, a
State trooper assigned to the narcotics section of the Berk-

shire County crime prevention and control unit, went to the defendant's residence. There, while parked on the road, and also later, when standing behind the house, the affiant saw a small garden in which sunflowers were growing approximately thirty yards from the residence. Among the sunflowers, he saw some marihuana plants. The garden is within the curtilage of the defendant's residence. Bordering the garden on three sides is a mown lawn. There is a shed on the property.

Based on his training and experience as a narcotics investigator, including his ability to recognize marihuana plants, the affiant stated that he "kn[e]w that persons who cultivate marijuana, frequently distribute marijuana, maintain . . . agricultural tools" and other items including "agricultural literature . . ., books, ledgers, business records, . . . monies . . ., scales, . . . [and] packaging materials." The affiant also stated that he checked with the board of probation and learned that the defendant had been convicted of four controlled substance violations.

Contrary to the defendant's contention, in the circumstances, the officer's personal observation of marihuana plants growing in the garden on the defendant's property, within thirty yards of his house, was sufficient to establish probable cause under the Federal and State Constitutions to search the house and shed for materials related to marihuana cultivation and distribution.[1] Just as it was reasonable to infer that ammunition might be located in the residence of a person who had participated in an armed robbery, *Commonwealth* v. *Cinelli*, 389 Mass. 197, 213 (1983), or that marihuana would be found in the apartment of a person who sold marihuana after going to his apartment, *Commonwealth* v. *Vynorius*, 369 Mass. 17, 24 (1975), it is reasonable to infer that, if marihuana is growing on well-kept grounds of a person convicted of multiple drug violations, items relating to its

---

[1]The defendant's reliance on *Commonwealth* v. *Upton*, 394 Mass. 363 (1985), is misplaced, as the existence of probable cause in this case is based on the direct observations of the affiant. That such observations were occasioned by information from an unnamed citizen is irrelevant.

cultivation and its distribution would be found in his house and his shed.

"[T]he nexus between the items to be seized and the place to be searched need not be based on direct observation." *Commonwealth* v. *Cinelli, supra* at 213. That nexus can be found by considering the type of crime, the nature of the items involved, and the normal inferences as to where a marihuana grower might likely keep records and other items related to its distribution.

Cases elsewhere support the conclusion that probable cause exists to search outbuildings and residences when there is evidence of cultivation in gardens or fields close to those premises. See, e.g., *United States* v. *Malin,* 908 F.2d 163, 166, 167 (7th Cir), cert. denied, 498 U.S. 991 (1990); *State* v. *Groff,* 323 N.W.2d 204, 212 (Iowa 1982); *State* v. *Edwards,* 575 A.2d 321, 322-323 (Me. 1990); *State* v. *George,* 45 Ohio St. 3d 325, 330 (1989); *Carter* v. *State,* 779 P.2d 996, 997 (Okla. Crim. App. 1989); *State* v. *Anspach,* 298 Or. 375, 381-382 (1984). But see *Anderson* v. *State,* 657 P.2d 659 (Okla. Crim. App. 1983).

*Judgments affirmed.*